WILLIAM D. GRAY *versus* FRANKLIN KIMBALL.

Certain articles, which are treated as property, while used for lawful purposes, may be subjected to forfeiture and destruction, if their use be deemed pernicious to the best interests of the community. And when attempts are made to use such articles for unlawful purposes, or in an unlawful manner, and these attempts are so concealed, that ordinary diligence fails to make such discovery as to enable the law to declare their forfeiture, statutes, authorizing searches and seizures, have been held legitimate.

The exercise of this power must be properly guarded, that abuses may be prevented, and that the citizen shall not be deprived of his property, without having an accusation against him, setting out the charge and the nature thereof, and only by the judgment of his peers, or the law of the land.

The citizen is also by the constitution to be secure in his person, houses, papers, and possessions, from unreasonable seizures and searches.

The statute of 1853, c. 48, for the suppression of drinking houses, &c., does not violate any of these constitutional provisions.

There may be cases, in which one may be prosecuted and tried for acts which he never committed, but which were done by another. And laws authorizing proceedings *in rem* may be enforced against the property seized, when the real owner may not in point of fact be informed thereof.

When a process is issued by a court or magistrate having jurisdiction, and is right upon its face, it is a protection to the officer who executes it.

Actions, indictments, and processes pending, at the time of the passage of the Act of 1855, c. 166, are clearly saved from the operation of the repeal of former acts therein specified.

An officer is not liable for his official acts under a sufficient warrant, because the prosecution fails by reason of the repeal of the law by virtue of which the warrant was issued.

What form of complaint is sufficient to authorize subsequent proceedings under the statute of 1853, c. 48.

Where the parties agree that the case shall be decided upon the declaration and the defendant's pleadings, the Court must determine it upon those pleadings as they appear in the case, though the plaintiff might, by a replication and re-assignment, have presented a different issue.

The appointment of the plaintiff, as agent of the town to sell liquors, gave him no rights in the maintenance of his action against the defendant, so long as he, being an officer, was bound to execute the warrant and was protected therein.

ON FACTS AGREED.

This was an action of TRESPASS to recover the value of certain liquors seized by virtue of a warrant which alleged them to be in the possession of a person other than this plaintiff, the owner, and intended for sale, in violation of law, by said

third person. The case was submitted to the full Court upon the pleadings in the case, in accordance with the following agreement:—

"This case is to be decided upon the declaration and defendant's pleadings, which are to be copied and made a part of the case. The plaintiff was, at the time of the taking, a duly appointed agent of the town of Anson, for the sale of liquor, under the statute of 1853. If the matters set forth in the defendant's special plea, are an answer to the action, judgment is to be rendered for the defendant. If the matters therein alleged are not sufficient to bar the plaintiff's action, judgment is to be rendered for the plaintiff, upon the general issue, reserving the right to the defendant to be heard in damages."

(Signed,)          "P. M. Foster, *Pl'ff's Att'y.*
          "Josiah H. Drummond, *Def'ts Att'y.*"

The plaintiff's declaration was:—

"In a plea of trespass, for that the said Kimball, on the 9th day of July, at Waterville aforesaid, with force and arms took and carried away the goods and chattels, viz.:—five barrels of New England rum, of the value of one hundred dollars, and one barrel of Holland gin, of the value of sixty-three dollars, all the property of the plaintiff, then and there found and being, against the peace of the State and to the damage of the plaintiff, (as he says,) the sum of three hundred dollars."

To this the general issue was pleaded, with the following special plea:—

"And for further plea in this behalf, by leave of Court first had and obtained, the said defendant says, that as to all the trespasses in the plaintiff's declaration mentioned, except the taking and carrying away of the five barrels of New England rum and one barrel of Holland gin, he is not guilty thereof as the plaintiff above against him complains, and of this he puts himself on the country.

          "By Josiah H. Drummond, his Attorney.

"And the plaintiff, likewise,—

          "By P. M. Foster, his Attorney."

Gray v. Kimball.

As to the residue of the trespasses complained of, the defendant pleaded specially, with the usual formalities, in justification and in bar of recovery by the plaintiff, that in taking the liquors, and in all else done by him in the premises, he acted as coroner which he was, under and by virtue of a legal warrant issued by Joshua Nye, jr., a justice of the peace for the county, upon complaint duly made before the said justice, and directed to the defendant,* (the office of sheriff of

---

\* The following is a copy of the complaint and warrant in this case.

"STATE OF MAINE.

"To JOSHUA NYE, jr., a Justice of the Peace, in and for the County of Kennebec.

"William Brown, Eugene H. Evans and Ephraim Maxham, all of Waterville, in said county, all competent to be witnesses in civil suits, and all resident in said county, on oath, complain and inform said justice, that they have reason to believe, and do believe, that spirituous and intoxicating liquors are kept and deposited in a certain building, a part of which is used as a store, and a part for a dwellinghouse, situated in Belgrade, in said county, at South Belgrade, so called, occupied by Frederic Spencer, it being the building next north of Solomon Leonard's store, on the east side of the road leading from the depot of the Androscoggin & Kennebec Railroad, in South Belgrade, to Belgrade Hill, so called; and that said spirituous and intoxicating liquors are kept and deposited as aforesaid, in said building as aforesaid, by Frederic Spencer of said Belgrade; and that the said Frederic Spencer is not authorized to sell spirituous liquors in said Belgrade, by any statute of this State now in force, and is not the agent appointed by the selectmen of said Belgrade to sell spirituous and intoxicating liquors in said Belgrade; and that said liquors are intended for sale in this State, by said Frederic Spencer, in violation of law; all which is against the peace and contrary to the form of the statute in such case made and provided; whereby said liquors have become forfeited to be destroyed, and said Frederic Spencer to pay a fine of twenty dollars. They, therefore, pray that a warrant may be issued to search the premises aforesaid, for such liquors, and to seize any such liquors so found, and to hold the same until finally disposed of according to law, and that said Frederic Spencer may be apprehended, and held to this complaint, and further dealt with according to law. Dated at Waterville, this first day of July, A. D. 1853."

(Signed.)                                "Wm. Brown,
                                        "Eugene H. Evans,
                                        "Eph. Maxham."

"Kennebec, ss. — July 1, 1853. Then the above named William Brown, and Eugene H. Evans, and Ephraim Maxham, severally made oath to the truth of the foregoing complaint, by them severally subscribed. Before me,

"JOSHUA NYE, jr., Justice of the Peace."

Gray *v.* Kimball.

Kennebec county being then vacant); and that all his acts and doings complained-of were done in obedience to the commands of said precept, and were lawful. The plea concluded with a verification and the usual prayer for judgment and for his costs.

*Foster,* for plaintiff.

1. The allegations in the declaration are admitted. Do the pleadings set forth any defence? We say they do not.

2. Are the proceedings of the justice and the officer conclusive? We say they are not.

3. These were unknown to the plaintiff. The warrant was issued and the seizure of his property made without the slightest notice to him.

4. No presumption of law arises against the plaintiff.

5. The pleadings do not show that any complaint was made before the justice, to authorize subsequent proceedings.

"STATE OF MAINE.

"Kennebec, ss.    To any Coroner of said County of Kennebec, Greeting.

" [L. S.]    Forasmuch as the foregoing complaint has been made this day before me, one of the justices of the peace in and for said county of Kennebec, you are hereby commanded, in the name of the State of Maine, with suitable and proper assistants, to enter in the day time, the premises in said complaint described, to wit: — A certain building, a part of which is used as a store, and a part for a dwellinghouse, situated in Belgrade, in said county, at South Belgrade, so called, occupied by Frederic Spencer, it being the building next north of Solomon Leonard's store, on the east side of the road leading from the depot of the Androscoggin & Kennebec Railroad, in said South Belgrade, to Belgrade Hill, so called, and search said premises for spirituous and intoxicating liquors; and if any spirituous or intoxicating liquors are there found, to seize the same, and the vessels in which they are contained, and to carry the same to some proper place of security, to be there kept until final action on said complaint. And if any such liquors are found on said premises, you are alike commanded to apprehend the body of the said Frederic Spencer, and bring him before me forthwith, to answer to said complaint, and show cause, (if any he has,) why said liquors should not be forfeited, and he be examined concerning the subject matter of said complaint, and further dealt with according to law. And you are alike requested to summon the complainants, and also William Brown and George C. Alden, to appear and give evidence relative to the same, when and where you have the said respondent. Given under my hand and seal, at Waterville, this first day of July, A. D. 1853.

"JOSHUA NYE, jr., Justice of the Peace."

6. There is nothing in the pleadings, or officer's return, showing any judgment, or how the property was disposed of.

7. Section 33 of the law of 1855, does not contain any distinct, unambiguous saving clause.

8. Plaintiff was duly licensed. *Preston* v. *Drew*, 33 Maine, 558; *State* v. *Robinson*, 33 Maine, 564.

*Drummond*, for defendant.

1. It is objected that a coroner has no right to serve the process under which the defendant justifies, even when there is no sheriff. R. S., c. 104, § 61, settles this point. The statute of 1853 contains nothing repugnant to this provision of the Revised Statutes.

2. The pleas show a justification. They are in the usual form. Story, 516. If the liquor law of 1853 is constitutional, they are good in substance.

3. An officer is bound to execute a warrant, and he is not bound to decide whether a statute is constitutional or not. If bound to execute a warrant, he will be protected in so doing. *State* v. *McNally*, 34 Maine, 210; *Smyth* v. *Titcomb*, 31 Maine, 272, 285.

4. But the Act additional to c. 170, of the R. S., approved March 16, 1855, expressly establishes this defence.

5. It is said, that this law is unconstitutional and void. As it affects only the remedy, it is not unconstitutional, though it affects suits pending. This law merely changes or restricts the remedy, and such laws have been decided to be constitutional. *Springfield* v. *Hamden*, 6 Pick. 501; 19 Pick. 48; 22 Pick. 430; *Thayer & al.* v. *Seavey*, 11 Maine, 284; *Oriental Bank* v. *Freize*, 18 Maine, 109; *Read* v. *Frankfort Bank*, 23 Maine, 318.

"A remedy for a party may be changed or wholly taken away by the Legislature, without contravening the constitution of the United States." The same principles are decided in 3 Pick. 508; 11 Pick. 28; 13 Mass. 1; 5 Mass. 409.

6. The Legislature may constitutionally enact laws to make valid and legal the doings of public officers who have exceed-

ed their authority, although by such laws individuals may be deprived of rights previously vested. *Walter* v. *Bacon*, 8 Mass. 468, 472; 9 Mass. 151, 153; 9 Mass. 360, 363. These cases are cited and approved in *Thayer* v. *Seavey*, above cited. The right does not vest until judgment; the commencement of an action does not affect the right either way. See cases above cited.

TENNEY, C. J.— This action is trespass for the alleged taking of five barrels of New England rum, and one barrel of Holland gin, by the defendant. The defendant pleads specially, that he took the articles named in the writ, by virtue of a complaint and warrant, put into his hands as a coroner of the county of Kennebec, he being duly appointed and qualified, as such, to which officer the warrant was directed; that the office of sheriff of that county, at the time the warrant was issued, and the taking of the goods, was vacant; that he made the search, as commanded in the warrant, and having found them, seized the same, and carried them to a proper place of security, there to be kept till final action on the complaint; that he afterwards apprehended Frederic Spencer, and had him before a justice of the peace, according to the command of the warrant, and made return of the same, with his doings thereon. It is agreed, that at the time the property was taken, the plaintiff was the agent of the town of Anson, duly appointed for the sale of liquors under the statute of 1853; and it is also agreed, that the question, whether the defendant is liable in this action, shall be determined by the pleadings filed in the case.

The counsel for the plaintiff raises several objections to the sufficiency of the matters set forth in the defendant's special plea. And the first is, that the proceedings were unknown to the plaintiff.

The plaintiff was not made, or intended to be made, a party to the proceedings. The warrant was against the liquors, in the building described as that of Frederic Spencer;

Gray *v.* Kimball.

and it was liquors there deposited, and only such, that the defendant was commanded to search for, and seize, if they should be found; and against Spencer, as the keeper of those liquors, for sale in violation of law. The proceedings were *in rem,* as to the liquors, which were believed, by the complainants, to be intended for unlawful sale in this State, by Frederic Spencer, and were in conformity to the provisions of the statute of 1853, c. 48, § 1.

2. Another answer to the defence is, that the pleadings do not show, that any complaint was made before the justice, to authorize subsequent proceedings. The complaint, fully set out in the special plea, contains the following, to wit:—"And that said spirituous and intoxicating liquors are kept and deposited," &c., "by Frederic Spencer," &c.; "and that the said Frederic Spencer is not authorized to sell spirituous liquors," &c.; " and that said liquors are intended for sale in this State, by said Frederic Spencer, in violation of law, all of which is against the peace," &c., "whereby said liquors have become forfeited to be destroyed," &c., "and the said Frederic Spencer to pay a fine of twenty dollars." Then follows the prayer for the warrant, that search may be made, the liquors, if found, to be seized, to be held, till finally disposed of according to law; and that the said Spencer may be apprehended, and held to answer to this complaint, and further dealt with according to law. The plaintiff's counsel have pointed out no specific defect in the complaint, in reference to subsequent proceedings; and it is not perceived to be wanting in substance or form, so that the magistrate was not fully authorized to take jurisdiction, and proceed to hear the evidence touching the complaint, and to render such judgment, *in rem,* and against the keeper, as the statute and the evidence would authorize.

3. It is further objected, that neither the pleadings, nor the officer's return, show any judgment, or the manner in which the property was disposed of. This objection, from the terms employed, seems to be predicated upon the ground, that the trespass complained of in the writ, was for acts done to the property, after the hearing before the justice upon the com-

plaint, and after it was returned by the defendant. The pleadings will not authorize this position of the plaintiff. The special plea throughout, is clearly intended as a justification for the acts, which are alleged to have been done by authority of the warrant, issued upon the complaint of three individuals, and not for the destruction of the property after the hearing. This is manifest, from the statement in the plea of the search made for the liquors, the seizure of the same, the removal to a place of security, there to be kept until final action on said complaint, mentioned in said warrant; the subsequent apprehension of the keeper of the liquors, who was brought before the magistrate, and the return of the warrant, "which," as it is alleged in the plea, "is the trespass complained of in the plaintiff's declaration as to the taking and carrying away of the rum and the gin, whereof the said plaintiff complains against the said defendant," &c. If the plaintiff commenced his suit for acts done by the defendant, to his property, after the hearing before the justice, upon the return of the warrant, and the apprehension of Spencer, and not those done before, he could have presented this in his replication to the defendant's special plea, and made a re-assignment. Instead of this, he omits to make any replication, so far as the case shows, but enters into the agreement, that the case shall be decided, upon the declaration, and the defendant's pleadings.

4. Again, it is urged against the defence, that if there was any sufficient complaint, it shows that the liquor was forfeited, and Spencer fined, before the seizure of the property, or the arrest of the keeper. If such was the complaint, upon a fair construction, it was not only unauthorized, but absurd. But the language of the complaint is otherwise; after alleging the belief that the liquors were unlawfully kept by Spencer, it proceeds, "whereby said liquors have become forfeited to be destroyed, and said Spencer to pay a fine," &c.

5. The proposition is made by the plaintiff's counsel that the proceedings were in violation of the constitution. But he has omitted to specify the parts of the constitution which

have been violated, or to point out wherein the proceedings were obnoxious to this charge.

Certain articles, which are treated as property, while used for lawful purposes, may be subjects of forfeiture and destruction, under proper statutory provisions, if their use is deemed pernicious to the best interests of the community. And when such articles are attempted to be used for unlawful purposes, or in an unlawful manner, and the attempts are so concealed, that ordinary diligence fails to make such discovery as to enable the law to declare the forfeiture, statutes, authorizing searches and seizures, have been held legitimate. The exercise of this power must be properly guarded, that abuses may be prevented, and that a citizen shall not be deprived of his property, without having an accusation against him, setting out the nature and charge thereof, and but by the judgment of his peers, or the law of the land; and he shall be secure in his person, houses, papers and possessions, from unreasonable searches and seizures. It is not perceived, that the statute, under which the suit in this case is attempted to be defended, violates any of the provisions of the constitution, which have been adverted to; or that the proceedings invoked have not been such as are authorized by the statute.

We are to take the declaration as true, in this case. But this case does not differ from numerous others, in which one man may be prosecuted and tried for the acts which he never committed, but which were done by another. And laws authorizing proceedings *in rem*, may be enforced against the property seized, when the real owner may not be informed thereof. But where the process is issued by a court or magistrate, having jurisdiction, and is right upon its face, it is a protection to the officer who executes it. *Butler* v. *Potter*, 17 Johns. 145; *Horton* v. *Auchmoody*, 7 Wend. 200; *Relgea* v. *Ramsay*, 2 Wend. 604; *Fisher* v. *McGirr & al.*, 1 Gray, 1. The appointment of the plaintiff, as the agent of the town of Anson, to make sale of liquors for certain lawful purposes, gives him no rights, in the maintenance of the present action, so long

as the defendant was bound to execute the warrant, and was protected therein.

It is said, that the saving clause in the statutes of 1855, c. 166, § 33, is indistinct and ambiguous: We think that the actions, indictments and processes pending, are clearly saved from the operation of the repeal of former acts therein specified. But were it otherwise, there is nothing in the case as presented, which would take away the defence set up, if the repeal had no exceptions; and the prosecution against the liquors, and the supposed keeper, had failed by the repeal, or for any other cause.

*Plaintiff nonsuit, judgment for defendant.*

RICE, J., concurred.