### THOMAS LOWREY, JR. *vs.* SILAS R. GRIDLEY.

The constitution of the state (Art. 1, § 8,) provides that "no warrant to search any place or to seize any person or things shall issue, without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation." A warrant under the act for the suppression of intemperance, to search for and seize certain liquors alleged in a complaint to be kept for unlawful sale, was issued upon the oath of the complainants, "that they have reason to believe and do believe the allegations in said complaint to be substantially true." The oath was in precise conformity with the provisions of the statute. Held that the oath was sufficient, and that it was not necessary that the facts upon which the belief was founded should be sworn to.

As the constitution is a mere limitation of the powers of the legislature, nothing should be regarded as prohibited which is not so either in express terms or by fair and reasonable implication.

And no inference by mere construction ought to be allowed which is calculated to defeat the ends of justice.

The place where the liquors were kept was described in the complaint and warrant as a *brick store.* The front and principal part of the store was of brick; but the liquors were kept and were seized in a wooden addition in the rear, which communicated with the main room by a door. The store was also known in the neighborhood by the name of "the brick store." Held that the place sufficiently answered the description in the warrant.

TRESPASS *qu. cl. fr.* and *de bonis asportatis;* tried in the superior court, on an issue closed to the court, before *Seymour, J.*

The defendant justified under a search warrant, issued by a justice of the peace, directing him to search the premises of

the plaintiff described in the declaration, for certain liquors kept there by the plaintiff contrary to law. The complaint, oath and warrant were in the following form :—

To Sidney P. Burwell, Esq., a justice of the peace in the town of Bristol and county of Hartford ; the complaint of the undersigned, (of good moral character, resident in said town, and of full age,) showeth, that in a certain place in said town, to wit, a certain brick store in the village of Forestville, and occupied by Thomas Lowrey, Jr., of said Bristol, as a grocery store, being a place of public resort, certain intoxicating liquors, to wit: [describing them,] are owned and kept by said Thomas Lowrey, Jr., and are intended by him to be sold in violation of the act of 1854, entitled "An act for the suppression of intemperance." Wherefore these complainants pray your honor to issue a warrant of search, that said place may be searched and said liquors seized and disposed of according to law. Dated at Bristol, this 14th day of December, A. D. 1858.                                         ASAHEL BROCKETT,
                                                                    HARVEY GRAY,
                                                                    ABNER TUTTLE.

Hartford County, *ss.* Bristol, December 14, A. D. 1858.

Personally appeared Abner Tuttle, Asahel Brockett and Harvey Gray, of good moral character, residents in said town of Bristol, being of full age, and presented to me the foregoing complaint, by them signed, and made solemn oath before me that they have reason to believe and do believe to be substantially true the allegations in said complaint; whereupon I find that probable cause exists for said complaint.

                              SIDNEY P. BURWELL, Justice of the Peace.

To the Sheriff of the County of Hartford, or his Deputy, or either of the Constables of the town of Bristol in said County, GREETING:

Whereas, Abner Tuttle, Asahel Brockett, and Harvey Gray, residents of said town, being of good moral character and of full age, have before me made their written complaint, that in a certain place in said town, to wit: in a certain brick store in the village of Forestville, occupied by Thomas Lowrey

Lowrey *v.* Gridley.

Jr., of said Bristol, as a grocery store, being a place of public resort, certain intoxicating liquors, to wit : [describing them] are owned and kept by said Thomas Lowrey, Jr:, and are intended by him to be sold in violation of the act of 1854, entitled " An act for the suppression of intemperance ; " and whereas said complainants have before me made solemn oath that they have reason to believe and do believe to be substan- ·tially true the allegations in said complaint ; and whereas I do find that probable cause exists for said complaint. Now there- fore, by authority of the state of Connecticut, you are hereby commanded to search thoroughly the said place, and to seize said liquors and the vessels containing them, and securely keep the same until final action be had thereon. Hereof fail not, but due return make. Dated at Bristol, this 14th day of Decem- ber, 1858. SIDNEY P. BURWELL, Justice of the Peace.

It was claimed on the part of the plaintiff that the warrant was void, because it was issued only upon an oath to a belief of probable cause and not to the fact of probable cause, under the 8th section of the 1st article of the constitution of the state, which provides that " no warrant to search any place or to seize any person or things shall issue, without describing them as nearly as may be, nor without probable cause, sup- ported by oath or affirmation." It was also claimed that so far as the statute purported to authorize the issuing of a war- rant upon such an oath, it was unconstitutional and void.*

---

* The 12th section of the act of 1854, "for the suppression of intemperance," under which the complaint was made and the warrant issued, is as follows :—

" If any three persons of good moral character, residents in any town, being of full age, shall, before a justice of the peace in the same town, make written com- plaint that any spirituous or intoxicating liquor, or any mixed liquor of which a part is spirituous or intoxicating, described as nearly as may be in said complaint, is, in said town, in any place described as nearly as may be in said complaint, owned or kept by any person described as nearly as may be in said complaint, and is intended by him to be sold in violation of this act ; and if said complainants shall, before said justice, make oath or affirmation that they have reason to believe, and do believe, to be substantially true, the allegations in said complaint, said jus- tice shall (upon finding probable cause for said complaint) issue his warrant of search, directed to the sheriff of the county, his deputy, or either constable of said town, describing as nearly as may be the liquor and the place described in said complaint, and the person described in said compaint as the owner or keeper of

It was also claimed that the place where the liquors were seized was not the place that was described in the warrant. It appeared that, at the time when the liquors were seized, the plaintiff occupied a brick store in the village of Forestville, as a grocery store. To this brick building there was an addition built of wood, communicating with the main room by a door. A room in the addition was occupied by the plaintiff for the storage of liquors in barrels, and was occupied in connection with rooms in the main building, where the liquors were brought out, and kept in bottles and sold. The principal part of the liquors seized were found and taken by the defendant in the room in the addition. The store of the plaintiff was commonly called " the brick store," there being another store in the neighborhood built of wood, and it being common to distinguish this from the other by that name. The seizure was found by the court to have been made in the place described in the warrant, unless this court on the facts should be of opinion that the addition was not embraced within that description.

Upon these facts the case was reserved for the advice of this court.

*Hubbard*, with whom was *Mitchell*, for the plaintiff.

To establish the validity of the warrant in the hands of the officer it must appear by express averment or reasonable intendment that the magistrate issuing it had jurisdiction of the case and the process. *Grumon* v. *Raymond*, 1 Conn., 45. *Tracy* v. *Williams*, 4 id., 113. *Allen* v. *Gray*, 11 id., 103. And no intendment will be made in aid of the process of an inferior jurisdiction, even in behalf of an officer executing its process. *Grumon* v. *Raymond*, supra. *Hall* v. *Howd*, 10 Conn., 514, 520. *Sears* v. *Terry*, 26 id., 273. It is essential

said liquor, and commanding said officer to search thoroughly the said place, to seize the said liquor with the vessels containing it, and to keep the same securely until final action be had thereon ; whereupon said sheriff, or any of his deputies, or any constable of said town, to whom said warrant shall be delivered, shall forthwith obey so far as he can the commands of said warrant, and make return of his doings to said justice."

to the jurisdiction of the magistrate to issue this process that there should have been " probable cause supported by oath or affirmation." Const. of Conn., Art. 1, § 8. And this must have appeared on the face of the papers. *Grumon* v. *Raymond,* supra. *Allen* v. *Gray,* supra. *State* v. *Tuell,* 6 Blackf., 344. " Probable cause supported by oath or affirmation " does not appear on the face of this process. What is probable cause ? A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged. *Munns* v. *Dupont,* 3 Wash. C. C., 31. *Stone* v. *Stevens,* 12 Conn., 299. What is the affidavit in this case ? It is that the complainants " have reason to believe and do believe." But an affidavit of mere belief is no evidence at all of probable cause. Nor is an affidavit that the informer has reason to believe any evidence of probable cause. Mere belief includes reasons for that belief, such as they are. Belief without some reason for it is impossible. The averment of belief and of reason for belief amount to the same thing therefore. The belief sworn to may have been founded on hearsay, or visions, or on table rappings. The affidavit does not at all negative this supposition. The affidavit then, to satisfy the law, must have averred probable cause in express terms ; or, failing that, in terms which were fully equivalent. Now here the informer not only does not state his reasons of belief, but, summing them up in his own way, he does not even state that he has sufficient reasons to believe, or good reasons to believe, or adequate reasons to believe. Nothing less than this is equivalent to probable cause. Opinion of Ingersoll, J., in *Clark* v. *Nott,* U. S. Circuit Court, Dist. of Conn. The affidavit must embrace probable cause in the fullest extent and meaning of the term or the warrant will be void. *Smith* v. *Bouchier,* 2 Stra., 993. *State* v. *Hartwell,* 35 Maine, 129. And must have stated the reasons of belief. 1 Chitty Crim. Law, 65. 2 Hale P. C., 113

*T. C. Perkins* and *C. E. Perkins,* with whom was *Newell,* for the defendant.

DUTTON, J.  The defendant in an action of trespass has justified under a warrant, issued as is admitted in strict conformity with the provisions of the act of this state regarding the sale of spirituous liquors.  The plaintiff denies the validity of the proceedings, upon the ground chiefly that the provisions of the statute regarding the issuing of warrants are unconstitutional.  It always presents a subject of grave importance when the judiciary are called upon to declare the acts of the legislative department null and void.  In the present instance the inquiry is peculiarly important, because a decision declaring the law unconstitutional, would affect the validity of other statutes, and condemn a course of practice which it is believed has been generally followed.  In this case the oath of the three men of good moral character who signed the complaint, was, " that they have reason to believe and do believe to be substantially true the allegations in said complaint ; " in certifying which the justice adds, " whereupon I find that probable cause exists for said complaint."  Attached to the complaint and certificate, he issued the warrant.

The plaintiff insists that this proceeding, and the statute authorizing it, are in violation of the last clause of the 8th section of the constitution of the state, which is as follows :—" No warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation."  He insists that the oath must specify and cover the particular facts and circumstances from which the conclusion that probable cause exists is to be drawn.  The defendant insists that this conclusion may be drawn from the oath of the complainant, that he believes and has reason to believe that an offense has been committed.  It is well known that the late Judge Swift was a prominent member of the convention which formed the constitution.  The prominent position which he held at the time as a jurist would lead to the conclusion that he either drafted it or carefully examined its provisions.  What his views of this particular clause were may be inferred from the fact that a few years afterwards he was chairman of a committee who made a revision of the statute laws of the state.  In

that revision under title 41st, "Gaming," is the following provision in section fourth. "On information made in writing or otherwise, by any informing officer, or by the selectmen in any town, or the major part of them, that he or they have cause to suspect that any billiard table, or O E table, is kept or concealed in any house, building or place in their town, and which shall specify such house, building or place, it shall be lawful for any two justices of the peace for that county to issue their warrant, directed to any proper officer, or, if need require, to an indifferent person, him requiring, taking to himself proper assistance, to enter such house, building or place, and search for such table, and on finding the same to seize and carry it away," &c. This statute has remained in the statute book ever since, notwithstanding the subsequent revision and the compilations of the same, and has been repeatedly acted upon without any objection being raised to its constitutionality. In 1836 a statute was passed authorizing a similar search warrant, "upon complaint on oath by any grand-juror, or by any two credible persons, to any judge of the supreme court of errors, or county court, that he or they suspect or have cause to suspect that any house or other building in the county in which such judge resides, is used for the purpose of printing, binding, depositing or selling any book, pamphlet, ballad, or printed sheet, or any painting, print, drawing or figure of any kind, of an obscene or licentious character," &c. This statute as well as the other passed under the review of the revisors and the legislature in 1843 and 1849. In the second volume of Swift's Digest, which was published soon after the constitution was adopted, is the form of a complaint for a search warrant for stolen goods, made by the owner, in which the certificate specifies "that he made solemn oath to the truth of the complaint," (referring to the allegations regarding the theft,) "and that he has just grounds to suspect and does suspect that the goods were taken by the said    and that they are secreted and concealed by him," &c. This we have reason to believe has been the form of a search warrant, adopted in practice, without question, ever since. It is worthy of remark that in the statute in question, the rights of individuals are more

carefully guarded than in either of the other instances referred to. In the case of a search warrant for stolen goods, the oath of the person who lost the goods, and who might be considered therefore as liable to bias, is alone required. In the other cases the oath of two only is necessary. Under this statute it must be that of " three persons of good moral character and of full age." In the case of *Gray* v. *Davis*, (27 Conn., 447,) which was the counterpart of this case, and which was sharply contested, numerous objections were made to the validity of the warrant, yet this point was not raised by the able counsel for the plaintiff, although the complaint and oath were liable to the same objection as they are here, if it is tenable. Scores of complaints and warrants have been issued, adopting the form given in the statute, and yet the unconstitutionality of the law in this particular was never questioned, it is believed, until it was suggested, as we are informed, by the court and not by counsel, in the case of *Clark* v. *Nott*, in the United States circuit court in this district.

In view of this general acquiescence of the legislature, the judiciary, and the bar, we should not have regarded it necessary to give the subject a very thorough investigation, were it not for the contrary opinion of the able and learned judge who tried the case to which we have referred. Judge Ingersoll does indeed put a construction on the statute, which enables him to relieve it from the charge of unconstitutionality. He says however :—" It looks very much as if the legislature intended to authorize a justice to find probable cause, and to issue a warrant to break into a man's premises and to search for and seize his property, upon the oath merely of the complainants that they had reason to believe and did believe the allegations in the complaint to be true. This is not such an oath or affirmation as is required by the constitution, the supreme law of the land, when it requires and provides that no warrant shall issue to search any place or to seize any thing without probable cause, supported by oath or affirmation. The oath required by the constitution is an oath to some fact or facts which show that an offense has been committed. The belief of a man, or of any number of men, that an offense has

been committed, is not sufficient to justify a justice or a court to find probable cause and upon such finding to issue a warrant."

As we believe that the legislature did intend to authorize a warrant to issue on such an oath as was administered in this case, the question arises directly, whether these propositions of the learned judge are sound law or not. It is worthy of remark that the judge refers to no authority to sustain his views. In view of the fact that search warrants in the case of concealed stolen goods have almost from time immemorial been issued on just such an oath as he condemns, something more would seem to be required than a mere assertion to establish the doctrine contended for. It may be urged that in the case of a search warrant for stolen goods there is an oath to the fact of the theft. But it is obvious that this alone lays no foundation for a search or seizure. There must be probable cause for the charge of concealment of the stolen goods, or there would be no compliance with the constitution.

But further, the constitution does not in terms provide that the particular facts from which probable cause is to be inferred shall be sworn to, or that the magistrate who issues the warrant shall find probable cause. The constitution merely provides that the warrant shall not issue " without probable cause, supported by oath or affirmation." If any thing more is required than an oath or affirmation that there is probable cause, or what is equivalent, as an oath that the complainant believes and has reason to believe that an offense has been committed would be, it must be made out by construction.

As the constitution is a mere limitation on the powers of the legislative department, nothing should be regarded as prohibited which is not so either expressly or by fair and reasonable implication.

Again, no inference by mere construction ought to be allowed which is calculated to defeat the ends of justice and allow criminals to escape. It is better that innocent men should suffer temporary inconvenience, than that the guilty should escape punishment. From the nature of the case prosecutors may have proofs of probable cause which can not be detailed in

a complaint and presented in a specific form to a magistrate. The appearance, peculiarity of conduct, situation and associations of a suspected person, may, to a practised eye, lay a foundation for the detection of an offender, and produce a conviction of the existence of a probable cause, which could not be exhibited to the officer who is called on to issue the warrant. Probable cause is often made out from what would not be legal evidence on a trial to the jury.  In an action against a party for procuring a groundless prosecution against the plaintiff, charging him with fraudulently selling a patent right, the supreme court of Vermont were inclined to the opinion that a general report that the plaintiff had fraudulently sold the same right in other instances, would tend to make out a case of probable cause.  *Barron* v. *Mason*, 31 Verm., 189.  Suppose a burglary has been committed, and the prosecutor has ascertained by a secret and confidential communication from an accomplice who the principal offender was, and where the stolen property is secreted, is he to be allowed to escape with his booty because these circumstances can not be detailed in a complaint without a breach of good faith or a loss of evidence ?  It is not easy to see why the oath of the prosecutor to his conviction of the existence of a probable cause, arising from impressions made upon his own mind, should not be as fully a compliance with the requirements of the constitution, as the inference which the magistrate would draw from an imperfect presentation of the same facts and circumstances which produced this conviction.

An examination of the clause in question will show that there is the same necessity for an oath of probable cause in the case of an ordinary arrest for a crime, as in the case of a search warrant.  Indeed it would be strange if a cask of liquor was more sacred in the eye of the law than a man's person. But it has never been thought necessary that in the case of a common warrant it should be preceded by any thing but the complaint or information of a prosecuting officer.  He is never understood as making oath that the facts alleged are within his personal knowledge.  He could in scarcely an instance honestly take such an oath.  The meaning of such a

complaint or information is, that he has officially made an investigation, and has reason to believe and does believe that the allegations are true. It is surprising that it did not occur to the learned judge, to whom we have referred, who for a number of years ably and faithfully discharged the duties of the office of attorney for the state, that he had repeatedly obtained bench warrants for the arrest of criminals on his mere statement to the judge holding the court, that in his opinion a bench warrant ought to issue, without any specification of facts and circumstances, and without any oath but his oath of office.

We are therefore clearly of the opinion that the warrant was legal.

The decision of this point renders the consideration of several other questions which have been discussed unnecessary. It is insisted however that the place in which the liquors were found did not correspond with the warrant. The officer was directed to seize certain goods in a brick store, occupied by the present plaintiff as a grocery store. It appears that the principal part of the liquors were in an addition of wood, opening into and used with the brick part as one store, and that the whole was called "the brick store," to distinguish it from another wooden one in the neighborhood. We think this objection is rather hypercritical. It was substantially a brick store. There is some wood in the construction of every brick building. Neither the plaintiff nor any one else would be liable to be misled by this description. Indeed the point does not seem to be relied upon.

We advise judgment for the defendant.

In this opinion the other judges concurred.