[No. 13594.  Department One.  March 16, 1917.]

THE STATE OF WASHINGTON, *on the Relation of J. G. Hodge et al., Appellant,* v. JOHN B. GORDON, *as Justice of the Peace, Respondent.*[1]

INTOXICATING LIQUORS—PROHIBITION—SEARCHES—DRUGGISTS.  The fact that druggists may lawfully keep and sell intoxicating liquors does not exempt them from the operation of Rem. Code, § 6262-11, providing for the issuance of search warrants for the seizure of intoxicating liquors unlawfully manufactured or sold.

SAME—SEARCH WARRANTS—COMPLAINT—PROBABLE CAUSE—STATUTES.  A complaint for a search warrant for intoxicating liquors need not state the "probable cause" for its issuance, under Rem. Code, § 6262-11, providing that a search warrant shall issue for the seizure of intoxicating liquors, upon the sworn complaint of any citizen, "if it shall be made to appear . . . that there is probable cause to believe" that intoxicating liquor is being unlawfully manufactured or sold; but the judicial officer is to determine the existence of probable cause.

SAME—SEARCH WARRANTS—PROCEEDINGS—JUSTICES OF THE PEACE—JURISDICTION.  The people, by the initiative state-wide prohibition law (Rem. Code, § 6262-11) conferred jurisdiction upon justices of the peace in cases of proceedings for search warrants for the seizure of intoxicating liquors, irrespective of the amount or value of the liquors, and the vesting of such jurisdiction does not conflict with the constitutional provision limiting the jurisdiction of justices of the peace to cases involving $100.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 30, 1916, dismissing a petition for a writ of prohibition to restrain a justice of the peace from further proceeding with a cause.  Affirmed.

*T. D. Rockwell* and *Ballinger & Hutson,* for appellant.

*Alfred H. Lundin, Frank P. Helsell,* and *Joseph A. Barto,* for respondent.

MORRIS, J.—On April 12, 1916, a complaint was sworn to before a justice of the peace at Seattle, the material part of which is as follows:

[1]Reported in 163 Pac. 772.

"State of Washington, ⎰ ss.
County of King.      ⎱

"Comes now Alfred H. Lundin who, being first duly sworn on oath, complains, deposes and says:

"That he has probable cause to believe and in fact does believe that, in violation of the laws of the state of Washington, to wit: session laws of 1915, chapter 2, intoxicating liquor is being manufactured, sold, bartered, exchanged, given away, furnished, otherwise disposed of, and kept, in, about and upon certain premises within King county, Washington, designated and described as follows, to wit:

"The building, including the basement, occupied by the James Street Drug Store, 115 James street, in the city of Seattle."

Upon the filing of this complaint, the justice issued a search warrant and delivered the same to the sheriff. Under this search warrant, the sheriff seized certain intoxicating liquors and their containers. On the return day, appellants appeared and challenged the jurisdiction of the justice of the peace to hear and determine the matter. This challenge was overruled, and they thereupon filed a petition in the superior court praying for a writ of prohibition commanding the justice to desist and refrain from further proceedings in the cause. The writ coming on to be heard in the lower court upon final hearing was denied, and the relators below have appealed.

The proceedings before the justice were instituted under section 11 of chapter 2, Laws of 1915, p. 7, known as initiative measure No. 3. This section provides in part as follows:

"If, upon the sworn complaint of any person, it shall be made to appear to any judge of the superior court or justice of the peace that there is probable cause to believe that intoxicating liquor is being manufactured, sold, bartered, exchanged, given away, furnished or otherwise disposed of or kept in violation of the provisions of this act, such justice of the peace or judge shall, with or without the approval of the prosecuting attorney, issue a warrant directed to any peace officer in the county, commanding him to search the premises designated and described in such complaint and warrant, and

to seize all intoxicating liquor there found, together with the vessels in which it is contained, and all implements, furniture and fixtures used or kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing or otherwise disposing of such liquor, and to safely keep the same, and to make a return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all articles seized and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said articles, the return shall so state." Rem. Code; § 6262-11.

The following section is also material to our inquiry, and provides in part as follows:

"Upon the return of the warrant as provided in the next preceding section, the judge or justice of the peace shall fix a time not less than ten days, and not more than thirty days thereafter, for the hearing of said return when he shall proceed to hear and determine whether or not the articles so seized, or any part thereof, were used or in any manner kept or possessed by any person with the intention of violating any of the provisions of this act." Rem. Code, § 6262-12.

Upon the hearing below, it appeared that the appellants were, at the time of the seizure under the warrant, doing business as druggists, and that the value of the liquor and other property taken under the warrant was $3,500.

Appellants' first contention, briefly stated, is that, when it appeared they were doing business as druggists, they were entitled to a discharge of the search warrant, as there is no limitation in the law as to the amount of liquor a druggist may keep in stock, and that, if any infraction of the law is charged against druggists, the procedure and penalty are otherwise than seizure and confiscation. The fact that appellants are druggists does not exempt them from the operation of § 6262-11. That section applies to druggists, or any other person, when probable cause is shown that liquor is being manufactured, sold, given away or otherwise disposed of in violation of law. Counsel's argument might appeal to us if we could assume that a druggist would not or could not

violate the law. Such assumption is hardly warranted. Because druggists may lawfully keep and lawfully sell, it does not follow that they may not unlawfully keep or unlawfully sell, or otherwise subject their stocks of liquors to seizure under § 6262-11, when it is made to appear to any judge of the superior court or justice of the peace that there is probable cause to believe that liquor is being manufactured, sold, furnished or otherwise disposed of in violation of law.

It is next contended that the "probable cause" necessary to be shown before any warrant may issue under § 6262-11 must be stated in the complaint upon which the warrant is issued. There is no such requirement. The only requirement is that probable cause must be shown sufficient to create the belief in the mind of the judge or justice that liquor is being sold, or otherwise disposed of, contrary to law. The ascertainment of probable cause is, under this statute, a judicial function involving judicial discretion. *Toole v. State*, 170 Ala. 41, 54 South. 195; *State v. Hobbs*, 39 Me. 212. That there is "probable cause" must be determined before the issuance of a warrant, but being determined to the satisfaction of the judge or justice, it is sufficient without its statement or formal charge in the complaint. *DeGraff v. State*, 2 Okl. Cr. 519, 103 Pac. 538; *Kniseley v. Ham*, 39 Okl. 623, 136 Pac. 427, 49 L. R. A. (N. S.) 770.

It is next urged that a search warrant cannot be based upon a complaint made upon belief. Both the search warrant and the complaint stated all that was required to be stated. Neither one is confined to the existence of a mere belief in the mind of the complainant, but follows the language of the act in stating that the belief of the complainant is founded upon probable cause for the existence of such belief. Whether or not this probable cause is sufficient to initiate legal process is to be determined by the judicial officer, and when the judicial officer is so satisfied, process may properly issue without a statement in the warrant or complaint of facts upon which such belief is founded. *Rose v.*

*State,* 171 Ind. 662, 87 N. E. 103; *Lowrey v. Gridley,* 30 Conn. 450; *Gray v. Kimball,* 42 Me. 299; *State v. Nowlan,* 64 Me. 531; *Salley v. State,* 9 Ala. App. 82, 64 South. 185.

The last contention is that the justice lost all jurisdiction when it appeared that the value of the property seized was in excess of $100, which sum is fixed by the law of this state as the limit of the civil jurisdiction of justices of the peace. The jurisdiction of the justice in proceedings under this initiative act is not conferred by general law, but by the people themselves, investing concurrent jurisdiction in judges of the superior court and justices of the peace in the issuance of search warrants irrespective of the value of the liquors seized under the warrant. As so vested, there is no conflict with any constitutional provision involving jurisdiction of superior courts. Under the provisions of § 6262-12 of the act, a hearing is to be had as to whether or not the liquor seized, or any part thereof, was used or in any manner kept or possessed with intent to violate any provision of the law. In so determining, the value or amount of the liquors seized is not material, other than as an evidentiary fact to be given such weight as it merits. It is the manufacture, sale or disposition of the liquor contrary to the provisions of the act which offends against the law, and such offense may come from the unlawful use or disposition of liquors of the value of $100 or more as well as from such sale or disposition of liquors of less value. As is said in *Steward v. State,* 180 Ind. 397, 103 N. E. 316, 320:

"The remedy sought is to secure an enforcement of a police regulation of the state, and concerns the public at large as distinguished from the ordinary civil action to determine the rights of private persons. . . . They are statutory proceedings assimilated to criminal proceedings by force of the inherent subject-matter, an unlawful use of property. It is to be noted that the proceeding may be had before a justice of the peace, irrespective of the value of the property seized, while if it is a purely civil action in all

respects, the jurisdiction would be limited to valuations of $200."

In *State v. Arlen*, 71 Iowa 216, 32 N. W. 267, a similar proceeding under the Iowa law was brought before a justice of the peace. The same plea to the jurisdiction of the court was there made as counsel here makes, that the value of the liquor seized exceeded the civil jurisdiction of the court. The plea was overruled for the reason that there was no provision of the statute limiting the jurisdiction of the justice to cases where the liquor seized was of a specified value. Neither is such provision found in our law. The authority of the justice exists in all cases irrespective of the value of the liquor. The law having placed no limit upon the exercise of such authority, the courts should not. The right to appeal from the justice court to the superior court is argued in the briefs, but such question is not properly involved here and we express no opinion.

The judgment is affirmed.

Ellis, C. J., Main, and Webster, JJ., concur.