By the Court.
These cases were argued and submitted together. The prosecution in each case was instituted by an affidavit filed with a justice of the peace of Columbiana county. Cloran, Anania and Phillips were each separately charged with unlawfully possessing intoxicating liquors, and Cochran with selling, furnishing and giving away intoxicating liquors, the charge in each case being based upon the provisions of Section 6212-15, General Code. The trial resulted in a conviction of each of the plaintiffs in error, and that judgment was affirmed by the court *542 of common pleas and by the court of appeals. The primary question presented in these cases arises from the contention that the plaintiffs in error were entitled to a trial by jury, which each of them demanded.
It has been frequently announced in the decisions of this court, some of which are quite recent, that the right of trial by juiy obtains only where, under the provisions of the statute claimed to have been violated, a sentence of imprisonment may be imposed as a part of the punishment for such violation. (Work v. State, 2 Ohio St., 296; Inwood v. State, 42 Ohio St., 186; State, ex rel. Smith, v. Smith, 69 Ohio St., 196; State v. Borham, 72 Ohio St., 358; Hoffrichter v. State, 102 Ohio St., 65, and Stiess v. State, 103 Ohio St.,. 33.) In the Hoffrichter case it was stated by Wanamaker, J., at page 66: “It has long been the settled doctrine of this state, confirmed by repeated decisions of all our courts, that where the penalty imposed by criminal statute is merely a fine the right of trial by jury as guaranteed by the constitution does not apply.” In the Stiess case, which involved an offense under Section 13195, General Code, it was reiterated by Marshall, C. J., as follows: “This question.is no longer an open one in Ohio, unless it is determined to disregard a long line of the previous decisions of this court.”
It is also contended on behalf of Cloran and Anania that during their trials liquors which were taken by officers by virtue of search warrants were used against them in evidence. It is claimed that such evidence was incompetent, and its admission erroneous by reason of the fact that the warrant for the search of their premises was issued upon an affi *543 davit alleging that the “affiant believes and has good cause to believe,” etc. The affidavit employs the precise language of Section 13483, General Code, which is substantially the same language as has been in force in this state since 1837, and seems never to have been previously attacked. It is contended that such warrant was not issued upon probable cause, and that such affidavit was not the oath or affirmation which the constitution and statute contemplated shall support the issuing of a writ, and that the affidavit, not having set forth facts justifying the belief, is insufficient. Section 14, Article I of the Ohio Constitution, is substantially the same as the Fourth Amendment of the Federal Constitution. It provides as f ollows: ‘ ‘ The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person and things to be seized.” The question of the sufficiency of an affidavit based on information and belief in making out probable cause and thereby meeting the constitutional requirements has been passed upon by the courts of last resort of' many states, but we find the decisions far from uniform upon the proposition.
Before a statute will be held to be in contravention of the constitution the conflict must be found to be clear and irreconcilable, and that is particularly true where there has been general acquiescence in the validity of such statute by legislative and judicial authority throughout the many years of its application and enforcement. The court would not be *544 justified in declaring such a statute void unless it be in plain and palpable violation of some provision of the constitution. (Lowrey,Jr., v. Gridley, 30 Conn., 450, and Dupree v. State, 102 Tex., 455.) In the Connecticut ease just cited that court held a statute similar to ours not in conflict with the constitution. There a warrant to search for and seize certain liquors was issued upon the oath of the complainants that they “have reason to believe and do believe,” etc., and it was held that the oath was sufficient and that it was not necessary that the facts upon which the belief was f ounded should be set out. Of similar import are the cases of Rose v. State, 171 Ind., 662, and State v. Gordon, 95 Wash., 289. There the court said at page 292, “whether or not this probable cause is sufficient to initiate legal process is to be determined by the judicial officer, and when the judicial officer is so satisfied, process may properly issue without a statement in the warrant or complaint of facts upon which such belief is founded.” To the same effect also are the cases of Gray v. Kimball, 42 Me., 299, and State v. Nowlan, 64 Me., 531. These cases and others which might be cited are authority for the proposition that determination of probable cause is a matter for the magistrate issuing the warrant, and that such finding may properly be based upon an affidavit of “belief and good cause for belief.” That the requirement that no warrant shall issue but upon probable cause is satisfied by an affidavit on information and belief is also supported by the cases of State v. Doremus, 137 La., 266, and Koch v. District Court, 150 Iowa, 151.
The further contention that the thing to be seized under the search warrant was not properly described *545 is fully answered by tbe decision of this court in the case of State v. Marcinski, 103 Ohio St., 613.
In case No. 17373, State v. Phillips, no search warrant was issued nor was any required. When the officer arrested Phillips he was in the unlawful possession of a package containing several bottles of intoxicating liquor, and the officer, under the circumstances fully disclosed by the record, was in the proper exercise of his duty in making the arrest without a warrant.

Judgments affirmed.

Marshall, C. J., Johnson, Hough, Robinson and Matthias, JJ., concur.