## KNISELEY v. HAM.

No. 3243.   Opinion Filed November 11, 1913.

(136 Pac. 427.)

1. **SEARCHES AND SEIZURES—Liability for Wrongful Search—Probable Cause.** The determination of the existence of "probable cause" for the issuance of a search warrant under Rev. Laws 1910, sec. 3615, and the issuance of a warrant under section 3616 of the statutes, are questions for the determination of the judge or magistrate before whom complaint is filed.

2. **SHERIFFS AND CONSTABLES—Wrongful Search—Writ as Protection to Officer.** It is the duty of a ministerial officer to whom a search warrant is directed to execute the writ as therein commanded, provided the same is issued by an officer having authority

to issue it, and it is regular upon its face. Such a writ is a protection to the officer, and he is not liable as a trespasser for executing the same in an orderly manner.

3. SAME—Liability for Executing Search Warrant—Burden of Proof —Instructions. In an action against a deputy sheriff for trespass in executing a search warrant, directed to him, and regular upon its face, and issued by a justice of the peace upon a sworn complaint, it is error to instruct the jury that the burden is upon the defendant to prove that the facts set out in the complaint upon which the warrant was issued are true, even though such officer swore to the complaint.

(Syllabus by Galbraith, C.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by W. F. Ham against W. T. Kniseley. Judgment for plaintiff, and defendant brings error. Reversed.

*J. W. Reece,* for plaintiff in error.

*Robt. A. Lowrey,* for defendant in error.

Opinion by GALBRAITH, C. This action was commenced in the district court of Payne county by W. F. Ham against W. T. Kniseley for trespass in searching his residence. The defendant justified on the ground that he was at the time of the wrong complained of a duly appointed and acting deputy sheriff of Payne county, and was executing a legal and valid search warrant. The cause was tried to the court and jury, and a verdict rendered in favor of the plaintiff in the sum of $100. From that judgment, the defendant has prosecuted an appeal to this court.

One of the errors complained of is the giving to the jury by the court the following instruction:

"It is recited in the search warrant under which the defendant claims that he acted that the building on lot 24, block 38, town of Glencoe, Payne county, Oklahoma, was a place of public resort, and a place for the storage of spirituous, vinous, fermented, and malt liquors. You are instructed that the defendant in the case would have no right to make a search of the plaintiff's dwelling house, if you find that it was his dwelling house, even by virtue of his search warrant, unless the house was either a place of public resort or a place for storage. Ordi-

narily the warrant which an officer holds would protect him, even if all the things recited therein were not true; but, where he himself applies for the warrant, and makes the complaint upon which the warrant issues, then he cannot be protected by the mere warrant, unless the things therein recited are true. And in this case, if he made a search of the premises against the will or consent of the plaintiff, and the premises were his dwelling house, unless it is shown that the dwelling house was a place of storage or a place of public resort, the defendant cannot be protected by the mere warrant. If you find from the evidence that these premises or the house in controversy was the dwelling house of the plaintiff, that it was not a place of storage, and that it was not a public resort, and that the defendant forcibly and against the will of the plaintiff entered upon the premises, and made a search thereof, then your verdict should be for the plaintiff, and the measure of his damages would be such sum as would reasonably compensate him for any pain, disgrace, or humiliation that you may find he has suffered."

It is complained that the giving of this instruction was error, inasmuch as it submitted to the jury a false issue, in this, that it placed upon the defendant the burden of showing that the facts alleged in the affidavit filed with the justice of the peace, who issued the search warrant, were true, and required the jury to determine whether or not the search warrant was duly issued. Section 3612 of the statute (Rev. Laws 1910) makes it "the duty of the judge of the district or county court, or a justice of the peace to issue a search warrant whenever it is made to appear that there is probable cause to believe," etc. Section 3615, Rev. Laws 1910, provides that:

"No such warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched, and the person or thing to be seized."

And section 3616, Rev. Laws 1910, provides that:

"No search warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, place for storage, or unless such residence is a place of public resort."

The complaint upon which the warrant was issued, as introduced in evidence on the trial, was filed with a justice of the peace of Payne county, and set out, as to the "buildings and

rooms on lot 24 of block 38, town of Glencoe, Payne county, Oklahoma, that said place is a public resort, and a place of storage of spirituous, vinous, fermented, and malt liquors " The search warrant was issued by the magistrate before whom the complaint was filed, and was directed to W. T. Kniseley, deputy sheriff, and it appears upon its face to be regular and in compliance with the statutes authorizing the issuance of a search warrant in such cases. The Criminal Court of Appeals of this state, speaking by Presiding Judge Furman, in construing section 39, art. 2, of the Constitution, relative to search warrants and seizures, says:

"This necessarily makes the issuance of a warrant of arrest a judicial act, to be exercised by the officer who is clothed by law with the power and authority to determine as to whether or not the warrant should be issued, and this discretion must rest upon facts verified by oath or affirmation. The question of probable cause and of reasonable ground to believe that an offense has been committed are addressed alone to the judgment of such officer, and their determination cannot, by statute, be vested in the person who verifies the facts from which these opinions, conclusions, or deductions are drawn. Any other construction would reduce this constitutional guaranty to an absurdity, and would violate its letter and spirit, and defeat its purpose." (De Graff v. State, 2 Okla. Cr. 527, 528, 103 Pac. 541.)

It is the judge or magistrate before whom the complaint is filed who determines the question of the existence of "probable cause" for the issuance of the search warrant, and not the person who files or verifies the complaint, and asks for the issuance of the same. The statute does not authorize the district court to sit in review or as a court of appeal upon the action of the judge or magistrate in determining the question of the existence of "probable cause," in an action against the officer to whom the writ is directed for trespass in executing it. Ordinarily the writ, when issued by an officer having authority to issue it, and regular upon its face, is full protection to the ministerial officer executing it.

"By the great weight of authority a ministerial officer is protected by his warrant, which he is in duty bound to execute,

even if he knows it has been irregularly or improperly issued."
(29 Cyc. 1442.)

It seems that under the above authorities, when the affidavit was filed before the magistrate, and the magistrate determined there was probable cause for the issuance of a search warrant against the premises described, and a warrant was issued, and it was regular upon its face, it was the duty of the officer to whom the warrant was delivered to execute it as therein commanded, and he is not liable as a trespasser for executing the writ. The fact that the officer to whom the writ was delivered filed the complaint can make no difference in the trial of this action for trespass. The district court had no right to submit to the jury the question of whether or not the warrant had been regularly issued, or whether or not the facts alleged in the complaint were true. The statute made it the duty of the magistrate to pass upon these facts. The district court had no right to sit in review of the action of the magistrate in issuing the warrant in this instance. If the facts set out in the complaint on which the warrant was based were not true, the plaintiff had his remedy by proper action against the party filing the complaint; but those questions cannot be tried in this case.

The Supreme Court of Connecticut, in a well-considered opinion, say on this question:

"The next inquiry regards the conduct of Phelps, the defendant. The writ was put into his hands, as an officer, to serve, and he accordingly served the same by replevying the before-mentioned horse. The first objection to this act of his is founded on a fact proved at the trial of the cause, to wit: That he knew the said horse had not been distrained or impounded. From this the plaintiff infers that he ought not to have served the replevin, and that in thus doing he becomes a trespasser. I reply to this objection that, the defendant, Phelps, being a legal officer, it becomes his duty, regardless of any knowledge or supposed knowledge of his own that there existed no cause of action, to serve the writ committed to him promptly, unhesitatingly, and without restraint from the above-mentioned cause. This I consider so firmly established as to render the proposition self-evident. The facts on the face of the writ constitute his justification, because he was obliged to obey its mandate, nor was it

any part of his duty to determine whether the allegations contained in the replevin were true. The proof of these positions results, incontrovertibly, from his relative condition. He was an executive officer, whose sole duty it is to execute and not to decide on the truth or sufficiency of the processes committed to him for service. He has no portion of judicial authority, nor the means of inquiry into the causes of action, contained in the writs and declarations put into his hands for service. Obedience to all precepts committed to him to be served is the first, second and third part of his duty, and hence, if they issue from competent authority, and with legal regularity, and so appear on their face, he is justified for every action of his, within the scope of their command. 'It is incomprehensible,' said Lord Kenyon, *Belk v. Broadbent et ux., 3 T. R.* 183, 185, 'to say that a person shall be considered a trespasser who acts under the process of the court.' In *Grumon v. Raymond et al.,* 1 Conn. 40, 6 Am. Dec. 200, it is said by C. J. Reeve that, where it does not appear on the face of the warrant that it is illegal, it is the officer's duty to obey. *Milles v. Davis et al.,* Com. 590. The ground of these principles is simply this: That to the magistrate is confided the issuing of writs, and to the sheriff and other executive officers is confided the duty of serving them. It is easy to see what widespread mischief might result from permitting an executive officer to decide, on his own knowledge, that he ought not to serve a precept or warrant put into his hands for service, and to consider what justly must follow from such doctrine; that is, that his return of the fact would be a justification for his omission. In short, the executive officer must do his duty, which is to obey all legal writs, and must not arrogate to himself the right of disobeying the paramount commands of those to whose mandates he by law is subjected." (*Watson v. Watson,* 9 Conn. 143, 23 Am. Dec. 324.)

The Supreme Court of New York also says, speaking by Chief Justice Nelson, *Webber v. Gay,* 24 Wend. 487:

"I think the learned judge erred as to the officer. I am not aware the court has ever looked beyond the process with a view to see if he was cognizant of the irregularity. The point was thrown out by the Chancellor in *Parker v. Walrod,* 16 Wend. 519, but no definite opinion expressed. The general rule as there admitted is, if the justice has jurisdiction of the subject-matter, and if the process is regular upon its face, he is protected. To go beyond this would lead to a new and troublesome issue, which would tend greatly to weaken the reasonable pro-

tection to ministerial officers. Their duties, at best, are sufficiently embarrassing and responsible; to require them to act or not, at their peril, as they may be supposed to know or not the technical regularity of the party or magistrate, seems to be an innovation upon previous cases, and against the reasons and policy of the rule."

Under the foregoing authorities it is clear that the search warrant, directed to the plaintiff in error, as a ministerial officer, being regular upon its face, and having been issued by an officer duly authorized to issue it, was a protection to him in executing the writ in an orderly manner. It also appears from these authorities that the trial court was wrong in giving the instruction complained of, and that it was· prejudicial error to instruct the jury that the burden was upon the defendant to prove the truth of the facts set out in the complaint upon which the search warrant was issued.

It follows that the judgment appealed from should be reversed, and a new trial ordered.

By the Court: It is so ordered.