## DUNCAN et al. v. KEECHI OIL & GAS CO. et al.

No. 9432—Opinion Filed March 18, 1919.

Rehearing Denied June 24, 1919.

(Syllabus by the Court.

**1. Trial—Demurrer to Evidence.**

Where the evidence as a whole, with all the inferences that can be properly drawn from it, is insufficient to support a judgment in favor of the plaintiff, it is not error to sustain a demurrer thereto.

**2. Contracts — Rescission — Conditions — Statute.**

Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

First, he must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

Second, he must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.

Error from District Court, Grady County; Will Linn, Judge.

Action by C. W. Duncan and Ida M. Duncan against O. W. Goolsbee, the Keechi Oil & Gas Company, and the Oklahoma Star Oil Company. Judgment for defendants on demurrers to plaintiffs' evidence, and plaintiffs bring error. Affirmed.

F. E. Riddle and Harry Hammerly, for plaintiffs in error.

Bond, Melton & Melton, and Asp, Snyder, Owen & Lybrand, for defendants in error.

RAINEY, J. This was an action instituted by C. W. Duncan and Ida M. Duncan, plaintiffs in error, plaintiffs below, against O. W. Goolsbee, the Keechi Oil & Gas Company, and the Oklahoma Star Oil Company, defendants in error, defendants below, to cancel the assignments of certain oil and gas leases made by the plaintiffs to one Goolsbee, and subsequently assigned by Goolsbee to the Keechi Oil & Gas Company, and by the

Keechi Oil & Gas Company to the Oklahoma Star Oil Company, of an undivided one-half interest in said leases, and to restore the title in the same to the plaintiffs. A trial amendment was had, in which a money judgment in the sum of $500,000 was prayed in the event it was found that the leases could not be restored to the plaintiffs. An accounting was also asked as against the Keechi Oil & Gas Company and the Oklahoma Star Oil Company.

The material allegations in the plaintiffs' petition are that on the 8th day of February, 1915, they entered into a contract with one Goolsbee, whereby they assigned to the said Goolsbee approximately 5,000 acres of oil and gas leases in the cement field in Caddo county, Okla.; that under the terms of said contract the said Goolsbee agreed to organize a corporation under the laws of this state, with a capital stock of $25,000, and to assign the leases assigned to him by plaintiff to said corporation, less approximately 1,100 acres, which he was to reassign to the plaintiffs, and the company so organized was to drill a test well to the depth of 3,000 feet, unless oil and gas were found in paying quantities at a lesser depth. The contract further provided that the plaintiffs were to receive $400 cash and 2,000 shares of the stock of said corporation of the par value of $1 per share, and that the corporation was to begin the drilling of a well within 30 days from the date of the contract, and upon failure so to do was to forfeit to the plaintiffs the sum of $500. As grounds for the cancellation of the leases it was alleged that the said O. W. Goolsbee, as an inducement to the plaintiffs to enter into the said contract, represented to them that he and his associates were financially able to drill a test well to the depth of 3,000 feet; that said representations were untrue, and that said plaintiffs relied thereon; that the Keechi Oil & Gas Company was the company organized by the said Goolsbee under the terms of the contract; that said company was without financial means with which to carry out the contract, which was known by the defendant Goolsbee prior to the assignment of said leases, and that said Keechi Oil & Gas Company, through the efforts of the said Goolsbee, entered into a contract with the Oklahoma Star Oil Company, whereby an undivided one-half interest in and to the leases assigned to the Keechi Oil & Gas Company by Goolsbee were assigned to the Oklahoma Star Oil Company as the consideration for the drilling of said test well; that said Goolsbee and the Keechi Oil & Gas Company never intended to start drilling operations in good faith, but that drilling operations were commenced by them solely for the purpose of creating a market for their oil and gas leases in order that they might speculate thereon to their advantage, and that the officers of said company might profit thereby. It was further alleged in the petition that the defendants Keeschi Oil & Gas Company and the Oklahoma Star Oil Company failed to carry out the terms and provisions of the drilling contract made with Goolsbee, and that they practically abandoned the well commenced, and that the plaintiffs, in order to protect their interests in the oil and gas leases, as against the owners of the land, were compelled to and did pay a large part of the expenses of drilling the test well and created a large indebtedness for labor and material; that said well was drilled to a depth of approximately 1,500 feet; and that oil and gas were found in paying quantities. There were other allegations in the petition not material to a decision of this case.

Defendants answered by general and special denials of all the allegations contained in the plaintiffs' petition, and further alleged, in effect, that they had complied with all the terms of the contract entered into with the plaintiffs by their codefendant Goolsbee; that the contract made by the defendant Keechi Oil & Gas Company with the defendant Oklahoma Star Oil Company to drill the test well was made with the knowledge and consent of the plaintiffs, and that one of the plaintiffs, C. W. Duncan, entered into a contract with said Oklahoma Star Oil Company to complete the drilling of said well, and that the expenses incurred by the plaintiffs were in pursuance of his contract with said company. The answer admits that oil and gas were found in paying quantities, as alleged by the plaintiffs.

The plaintiffs offered their evidence, whereupon each of the defendants demurred thereto, and all of said demurrers were sustained by the trial court. On appeal plaintiffs urge that the judgment of the trial court should be reversed, and invoke the rule that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn therefrom. This calls for an examination of the evidence. Plaintiffs did not offer evidence in support of many of the allegations in their petition, and the evidence introduced, viewed in the most favorable light, is in substance as follows:

That the defendant Goolsbee entered into negotiations with plaintiffs to drill a test well in consideration of the assignment of

the leases by the plaintiffs to him, and that they first wanted to know whether Goolsbee was able to drill or not, as they had an opportunity of entering into contracts with other parties, and that plaintiffs had only 30 days to begin operations; that Goolsbee said to them, "Well I think I can do it"; that plaintiffs then gave him two days to find out, and he returned to them and said he was in shape to drill the well; that the contract was entered into, and that Goolsbee thereupon organized the Keechi Oil & Gas Company, paid plaintiffs the cash consideration, and issued plaintiffs the stocks as provided in the contract; that after the leases had been assigned to the Keechi Oil & Gas Company said company made a contract with the Oklahoma Star Oil Company to drill the test well in consideration of an undivided one-half interest in the leases. We have been unable to find any evidence in the record that any false representations were made to the plaintiffs inducing them to enter into the contract with Goolsbee, and it does not appear from their testimony that any of the terms of said contract were breached. Their testimony fails to disclose the exact date within which the test well was commenced. It appears that the Oklahoma Star Oil Company started drilling a well on one of the leases, and that the plaintiff C. W. Duncan expressed his dissatisfaction with the location, and that on his suggestion the location was changed, and that he himself then entered into a contract with the said Oklahoma Star Oil Company to complete the drilling of the test well; that the plaintiffs at all times knew about the beginning of the work, and made no objections whatever as to the time the drilling operations were commenced; that the said plaintiff assigned his drilling contract to his two sons, but he, himself, worked at the well until the same was completed and oil was found in paying quantities. Under the contract entered into by plaintiff C. W. Duncan with the Oklahoma Star Oil Company to finish the well, he was to pay for the labor, and the company was to furnish the equipment. The evidence also shows that the well was brought in in September after the contract was entered into in June, and that the Oklahoma Star Oil Company made full settlement with the plaintiffs' sons. Proof of this settlement was made at the trial, and receipts were admitted in evidence.

It seems clear that under the terms of the contract with Goolsbee the plaintiffs did not have the right to cancel the leases, even though the defendants did not commence drilling operations within the 30 days, for the said contract specifically provided that if a test well was not commenced within 30 days the plaintiffs were to receive $500 liquidated damages. The plaintiffs are not here suing for the damages provided for by the contract; and, even if they were, it is exceedingly doubtful whether they would be entitled thereto under the circumstances surrounding the drilling of the test well as above related. But if it be assumed, for the purpose of this case, that the Oklahoma Star Oil Company did breach the contract with the plaintiffs, in that it failed to furnish some of the equipment, as it was its duty to do, under said contract with the plaintiffs, plaintiffs would not be entitled to a cancellation of the assignment of the leases and restoration of title thereto in themselves, for the reason that the Keechi Oil & Gas Company was not a party to this contract. The two contracts were entirely separate, and we do not see how the plaintiffs are in a position to rely upon a breach of this contract, inasmuch as it had been assigned to the two sons, who had made complete settlement with the Oklahoma Star Oil Company.

The action instituted by plaintiffs is equitable in its nature, and, in effect, seeks to rescind the contract entered into by them with Goolsbee. Plaintiffs neither pleaded nor proved that they had offered to rescind promptly upon discovering the facts which they claimed entitled them to rescind, and failed to give any reason for not rescinding promptly; and they did not offer to restore what they had received under said contract. This was essential to a recovery under section 986, Rev. Laws 1910, which provides:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"First. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"Second. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

After a very careful consideration of all the evidence in the record we are of the opinion that the plaintiffs have wholly failed to prove any facts entitling them to a cancellation of the lease and a reinvestment of the title thereto in themselves or to any other relief, and, measured by the rule invoked by the plaintiffs, the judgment of the trial court must be sustained.

All the Justices concur, except SHARP, J., not participating.