## MUIR v. MARTIN et al.

No. 18570. Opinion Filed Dec. 17, 1929.

Rehearing Denied Feb. 4, 1930.

Commissioners' Opinion, Division No. 1.

Roach, Roach & Roach and Biddison, Campbell, Biddison & Cantrell, for plaintiff in error.

W. W. Noffsinger and A. L. Harris, for defendants in error.

HERR, C. This is an action originally brought in the district court of Muskogee county by W. Luther Martin against N. M. Muir, T. K. Wilson, and J. A. Loomis to recover the sum of $5,000 paid by him to defendants in a certain mining lease transaction, which lease was then owned by defendants.

As evidence of this investment, defendants issued to plaintiff two certificates of purchase acknowledging receipt of money and defining the interest plaintiff was to have and obtain under the lease. One of said certificates is as follows:

"Certificate of Purchase. No. 11

"We, the undersigned, lessees in a certain coal mining lease, dated August 28, 1920, executed by Harry S. Hargrave and wife of Hillsboro, Ill., covering approximately 4,000 acres near Pana, in Shelby and Christian counties, Ill., hereby acknowledge receipt of $3,000 paid to us by W. Luther Martin in full payment of an undivided 3-100ths interest in said lease. This certificate is not an assignment of any interest in said lease, nor is any interest therein to be assigned to said purchaser, but the entire lease is to be assigned to a corporation organized to operate said lease as hereinafter set out.

"In consideration of said payment, we agree within six months from date, to organize a corporation with a capitalization sufficient to open and operate a modern, up-to-date coal mine on said lease, with a capacity of 1,000,000 tons annually,

for the purpose of opening and operating such mines, said company to be financed by sale of stocks or securities, or both, and to be organized at our expense, and the above-named purchaser of said interest is not to be called upon for any further payment. We agree that said purchaser shall be considered on the ground floor and shall share pro rata, in proportion to his interest in said lease, with the undersigned, and all other purchasers of interest, in all stocks securities and benefits received for said lease and acquired from the promotion of said company. When said corporation is organized, the undersigned will assign said entire lease to it, free of all incumbrances and for the benefit of all owners of interests therein, all minimum royalties to be fully paid by the undersigned, to date of such transfer.

"Dated this 10th day of November, 1921.
"T. K. Wilson.
"N. M. Muir.
"J. A. Loomis."

The other certificate is the same except that it recites a consideration of $2,000 and defines plaintiff's interest to be 2-100ths.

The evidence discloses that defendants failed to comply with the terms of these certificates in that they failed to form a corporation as therein provided, and failed to open and operate a mine as therein agreed; hence this suit.

It further appears that shortly after the issuance of the certificates above described, defendants Wilson and Loomis executed to plaintiff a written agreement whereby they agreed to repurchase from plaintiff, after the expiration of three years, his interest in said lease in the event plaintiff became dissatisfied therewith, and agreed to repay him the original purchase price together with interest thereon at the rate of six per cent.

It is further established that after the expiration of three years from the time of the execution of said repurchase agreement, plaintiff brought suit in the district court of Muskogee county against defendants Wilson and Loomis for specific performance of this agreement, and in such action recovered judgment against them.

Defendants herein plead this judgment as a bar to this action, and also contend that plaintiff cannot prevail for the reason that he failed to restore or offer to restore that which he received under the contracts. Judgment was rendered in favor of plaintiff and against defendant Muir for the full amount sued for. No judgment was rendered against the other defendants, apparently for the reason that a judgment had been rendered against them in the other suit. Defendant Muir appeals.

Appellant argues at length the doctrine of election of remedies, and contends that plaintiff, having filed his suit against defendants Wilson and Looms for specific performance of the repurchase contract, cannot now maintain this action against him to recover the purchase price. We cannot agree with this contention. It is not contended that the prior judgment against Wilson and Loomis has been satisfied. There is no inconsistency between the two actions. In both plaintiff seeks to rescind the original contract and recover the purchase price. He does not attempt in one to rescind and in the other to affirm the contract. He does not seek to invoke inconsistent remedies. It is true that in the former action defendant Muir was not made a party defendant, but this, under the law, does not prevent plaintiff prosecuting this action against him.

In 20 C. J. at page 8, the following rule is announced:

"Where actions against different persons are consistent and concurrent, the doctrine of election does not apply and the prosecution of one does not bar the prosecution of the other; and an unsuccessful attempt to recover against one, in the absence of circumstances creating an equitable estoppel, will not bar an action against the other. A party may pursue any number of consistent and concurrent remedies against different persons, until he obtains satisfaction from some of them."

See, also, Sweet v. Bank (Kan.) 77 Pac. 538; Union Central Life Ins. Co. v. Schidler (Ind.) 29 N. E. 1071; Commercial Trust Co. v. Berch, 267 Fed. 907; Friederichsen v. Renard, 247 U. S. 207; Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186.

Appellant also pleads res adjudicata, but this doctrine cannot be invoked by him for the reason that there is, at least, lacking identity of parties. We conclude that appellant must fail on his pleas of election of remedies and res adjudicata.

The next question presented is, can plaintiff maintain this action without first having offered to release or reconvey to appellant his interest in the lease obtained by him under the certificates of purchase? We think this question must be answered in the negative.

On the question of the right of a party

to rescind a contract, subdivision 2 of section 5079, C. O. S. 1921, provides:

"He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

See, also, Herron v. Harbour, 57 Okla. 71, 155 Pac. 506; Duncan v. Keechi Oil & Gas Co., 75 Okla. 98, 181 Pac. 709; Zufall v. Peyton, 26 Okla. 808, 110 Pac. 775.

In the case of Phelps v. Mineral Sprins Heights Co. (Wis.) 101 N. W. 364, the court holds:

"Where plaintiff contracted for the purchase of land, and, after paying the consideration, failed to receive a deed in accordance with the contract, he could not maintain an action at law for the recovery of the consideration paid. without having surrendered or offered to surrender his land contract and the equitable rights which he had obtained thereunder, in the absence of any declaration or conduct on the part of defendant constituting a notification that it would not accept a surrender if tendered."

There is no allegation in plaintiff's petition of an offer on his part to reconvey to appellant, or to surrender to him, his interest or equity in this leasehold, nor is there any evidence in the record which tends to establish such offer. Neither is there any evidence to the effect that appellant would not have accepted a reconveyance had the same been tendered.

Plaintiff does not contend that the evidence establishes that he made an offer to restore, his sole contention being that he is excused therefrom for the reason that he received nothing of value under the certificates of purchase. We cannot agree with this contention. In our opinion, these certificates clothed plaintiff with such an equitable interest in the leasehold as a court of equity, at his election, would have enforced upon a showing that vendors failed to comply with the terms thereof. This being true, he cannot successfully maintain this action without first offering to reconvey this interest.

Under the evidence, in our opinion, plaintiff had a clear right to rescind upon an offer to restore that which he received under the contracts. He may have done so, but he does not so allege in his petition, nor does he attempt to establish the same by the evidence. Under these circumstances, he is not entitled to prevail.

Judgment should be reversed, and the cause remanded for a new trial, with leave to plaintiff to amend his petition, if he so desires.

TEEHEE, JEFFREY, DIFFENDAFFER, and FOSTER, Commissioners, concur.

HALL, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See under (1) 9 R. C. L. p. 957; R. C. L. Perm. Supp. p. 2577. See "Elections of Remedies," 20 C. J. §7, p. 7, n. 55. "Mines and Minerals," 40 C. J. §744, p. 1114, n. 6.