## MOORE v. KILMER, Sheriff, et al.

No. 28729.   May 23, 1939.

Newman & Phillips, for plaintiff in error.

C. B. Memminger, for defendants in error.

CORN, J. The sole question presented for determination by this appeal is whether a demurrer to the evidence of the plaintiff was properly sustained by the trial court. The parties appear here in the same order as they did in the trial court and will be so referred to herein.

The action was instituted against the defendants, the sheriff of Atoka county and his deputy, to recover the sum of $82.50 on account of alleged injuries done to the dwelling house of plaintiff by said defendants while said premises were being searched for intoxicating liquors. The defendants denied liability and pleaded in justification that they acted under a valid search warrant, and claimed the protection thereby afforded them as officers of the law. A jury was impaneled to try the issue between the parties, and the plaintiff introduced his evidence, which established in substance the following state of facts: That the plaintiff, a minor, was the owner of a certain dwelling house in the city of Atoka which was occupied by him and other members of his family as a dwelling; that the place had a reputation of being one of public resort and where intoxicating liquors were sold; that on February 27, 1937, the defendants, in company with others not here involved, conducted a search of said premises for intoxicating liquors; that said search was made pursuant to the direction of a valid search warrant; that in making said search in plaintiff's dwelling the wall paper in plaintiff's dwelling was cut with pocket knives and door facings were removed and not replaced securely and that the premises had been damaged in approximately the amount claimed; that the search failed to disclose any intoxicating liquor on the premises; but on cross-examination the plaintiff's evidence disclosed that about three months prior to this time a search was made of the same premises occupied by the same occupants, and that 38 pints of whisky were found hidden in secret holes or recesses in the ceiling and walls of the house which were covered over with canvas, and that such holes were found at various places in the walls and behind door facings.

The trial court sustained separate demurrers of the defendants interposed to the evidence of the plaintiff and withdrew the cause from the jury and entered judgment in favor of the defendants. The plaintiff contends that in so doing the court erred, since his evidence was sufficient, had it been believed by the jury, to sustain a verdict in his favor.

In determining whether the demurrer was properly sustained, the question is not whether injury was done to the property by the officers in the execution of the search warrant, but rather, whether the officers executed the same in a reasonable and orderly manner.

In the case of Kniseley v. Ham, 39 Okla. 623, 136 P. 427, this court held in paragraph 2 of the syllabus as follows:

"It is the duty of a ministerial officer to whom a search warrant is directed to execute the writ as therein commanded, provided the same is issued by an officer having authority to issue it, and it is regular upon its face. Such a writ is a protection to the officer, and he is not liable as a trespasser for executing the same in an orderly manner."

It is the duty of an officer in the execution of a search warrant to make a careful and thorough search of the premises, and in so doing it may be necessary to remove obstructions which would prevent him from making a thorough search, and the removal of such obstructions may result in injury to the property; but the officer cannot be held liable for damages if he acts in a careful and orderly manner and is not guilty of wanton destruction of property.

No sacred property right protected by the Constitution is violated by officers of the law in the execution of a valid search warrant by the removal of wall coverings or door facings which are obviously used as contraptions for the concealment of intoxicating liquors from the eyes of the law. We find no evidence whatever in the record which tends to show a lack of respect on the part of the defendants for the rights of the plaintiff, nor does it appear that a proper search could have been made under the circumstances with less injury to the premises.

Where the evidence as a whole, with all the inferences that can properly be drawn therefrom, will not support a judgment in favor of the party offering it, a demurrer thereto should be sustained. Hargrove v. Bourne, 47 Okla. 484, 150 P. 121; Duncan v. Keechi Oil & Gas Co., 75 Okla. 98, 181 P. 709; Johns v. Edwards, 120 Okla. 85, 250 P. 1012.

The evidence in this case is insufficient to support a judgment against the defendants, and the judgment of the trial court sustaining the demurrer to the evidence of the plaintiff is affirmed.

RILEY, OSBORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., WELCH, V. C. J., and DAVISON and DANNER, JJ., absent.