[No. 4498. Decided July 20, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. P. DURBIN, *Appellant.*

CRIMINAL LAW — DISMISSAL — BAR TO ANOTHER PROSECUTION.
Under Bal. Code, § 6916, providing that an order of dismissal is a bar in the case of a misdemeanor, but that it is not a bar if the offense charged be a felony, the voluntary dismissal of an information for assault and battery is a complete bar to a conviction for assault and battery, under a subsequent information charging the same facts as constituting the crime of attempting to commit mayhem. (Dunbar dissents.)

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*Martin & Grant,* for appellant.

*N. T. Caton,* Prosecuting Attorney, and *Myers & Warren,* for the State.

The opinion of the court was delivered by

FULLERTON, C. J.—On August 9, 1901, the prosecuting attorney of Lincoln county filed an information against the appellant, charging him with assault and battery committed on the person of one Thomas Amery. A warrant was issued thereon, and the appellant arrested, and placed under bonds to answer the charge at the next jury term of the superior court. On October 2, 1901, the prosecuting attorney filed another information against the appellant, reciting the same acts on which the charge of assault and battery was founded, and charging him with the crime of attempting to commit mayhem. A warrant was issued on this information, and the defendant again arrested, and placed under bonds. On October 25th, thereafter, the prosecuting attorney moved a dismissal of the charge of assault and battery, and the same was granted by the court on the ground, as recited in the order, "that another charge is placed against the defendant." Afterwards, when the appellant was required to plead to the information charging him with attempt to commit mayhem, he entered a plea of a former acquittal of the offense charged, and on the trial introduced the record showing the filing of the information against him for assault and battery, his arrest thereunder, and the subsequent dismissal of the action, and requested an instruction of acquittal. The court refused to give the requested instruction, and charged the jury, in effect, that the dismissal of the action for assault and battery did not constitute a bar to the prosecution for the charge of felony; charging them fur-

ther that they could find the appellant guilty of assault
and battery in case they should fail to find that the higher
crime was made out.    The jury returned a verdict of
assault and battery, on which the judgment and sentence
appealed from was pronounced.

Of the errors assigned the only one we have found it
necessary to notice is the ruling of the court holding that
the dismissal of the action of assault and battery did not
constitute a bar to another prosecution for the same
offense. In this we think the trial court was in error.    By
§6914 of the Code (Ballinger's) the court may, either
upon its own motion or upon application of the prosecut-
ing attorney, and in furtherance of justice, order an
action, after an indictment or information, to be dis-
missed; but must set forth in the order of dismissal, the
reason for the same, which must be entered upon the
record.    By §6915, the entry of a *nolle prosequi* is abolish-
ed, and no prosecuting attorney is permitted to discon-
tinue or abandon a prosecution except as provided in the
preceding section cited.    By §6916, it is provided that
"An order for dismissal as provided in this chapter is a
bar to another prosecution for the same offense, if it be
a misdemeanor; but it is not a bar if the offense charged
be a felony."    It is manifest that the statute meant to
make the dismissal of a prosecution for a misdemeanor
after an indictment had been returned or an information
filed equivalent, in so far as a bar to another prosecution
was concerned, to a trial on the merits and a verdict and
judgment of conviction or acquittal.    We cannot under-
stand how any other meaning can be given to the language
of the statute.    A dismissal under such circumstances is
a bar to a subsequent prosecution for the same offense,
and a judgment of conviction or acquittal after a trial

upon the merits is not more.    As the case stood at the
time of the trial, therefore, the appellant was being tried
for an offense, after he had been acquitted for a minor
offense included within that offense, and the pertinent
question is, will an acquittal for a minor offense includ-
ed in a greater bar a prosecution for the greater ?    The
question is not answered alike in all jurisdictions, but
it seems to us that the weight of authority, as well as the
better reason, are with the rule that it is such a bar.    The
cases on the question will be found collected in 17 Am.
& Eng. Enc. Law, pp. 599-601, wherein will be found also
the rules and the reasons given therefor.

There is nothing in the case of *State v. Armstrong*, 29
Wash. 57 (69 Pac. 392), or *State v. Lewis*, 31 Wash. 75
(71 Pac. 778), which is contrary to the position we have
taken in this case.    In those cases the prosecutions dis-
missed were charges of felony, and the statute expressly
provides that, if the offense charged be a felony, its dis-
missal is not a bar to another prosecution for the same
offense.    The distinction may not be founded on any sound
reason, but this is not a sufficient cause for ignoring the
statute.    The law is of the legislature's making, not the
court's, and the court can do nothing less than give it
force when its meaning is once ascertained.

The judgment appealed from is reversed, and the cause
remanded with instructions to discharge the appellant.

HADLEY and MOUNT, JJ., concur.

DUNBAR, J. (dissenting)—I dissent.    I think the
statute simply intended to announce the plain proposition
that an order for dismissal bars another prosecution for
the same offense in cases of misdemeanor, and that no
other question is involved in the enactment.    If the appel-
lant had been tried for assault and battery, after that

charge had been dismissed, the second trial would have been illegal under the statute cited; but I do not think the statute should be construed further than its language imports.