[No. 5804. Decided November 14, 1905.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH W. CAMPBELL, *Appellant*.[1]

CRIMINAL LAW—FORMER JEOPARDY—DISMISSAL OF CHARGE FOR MISDEMEANOR AS BAR TO INFORMATION FOR FELONY—STATUTES—CONSTRUCTION. The constitutional prohibition against placing a person twice in jeopardy is not violated by the filing of an information charging an assault with intent to commit murder, after the dismissal of a prosecution for exhibiting a dangerous weapon, which is a misdemeanor only; since Bal. Code, § 6916, providing that the dismissal of a prosecution for a misdemeanor shall be a bar to a further prosecution was not intended to apply to prosecutions for felony, and since the misdemeanor named was not necessarily included in the later charge.

CRIMINAL LAW—INFORMATION—DEGREES OF OFFENSE. A charge of exhibiting a dangerous weapon is not necessarily involved in the crime of assault with intent to commit murder, and a dismissal of the former charge is not a bar to a prosecution of the latter.

[1] Reported in 82 Pac. 752.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered December 27, 1904, upon a trial and conviction of the crime of assault with intent to commit murder. Affirmed.

*W. H. Abel* and *A. M. Abel,* for appellant.

*E. E. Boner,* for respondent.

DUNBAR, J. — On August 3, 1904, an information was filed against the appellant, charging him with exhibiting a dangerous weapon in a rude, angry, and threatening manner, etc., in a crowd of two or more persons. On November 25, 1904, the prosecuting attorney filed a motion to quash this information, which motion was granted by the court, and an information was filed charging the defendant with an assault with intent to commit murder. The court certified that the said information was dismissed for the purpose of permitting the prosecuting attorney to file the latter information, and that the same facts and transactions were included in both informations, and that each information was based on the same facts and transactions. Upon the filing of the last information, the appellant filed a plea in abatement, introducing the first information and the dismissal of the same for the purpose of sustaining said plea. The plea in abatement was overruled, the cause proceeded to trial, and a conviction was had upon the last information, and the defendant was sentenced to one year in the penitentiary.

The appellant contends that the court erred in refusing to dismiss this action, and in failing to hold that the dismissal of the former criminal action constituted a bar. It is contended that exhibiting a dangerous weapon is a misdemeanor only, and that, under Bal. Code, § 6916, the dismissal of the first information charging a misdemeanor was a bar to another prosecution for the same offense, and appellant relies

31—40 WASH.

upon the case of *State v. Durbin,* 32 Wash. 289, 73 Pac. 373, to sustain his contention. The statute is as follows:

"An order for dismissal as provided in this chapter is a bar to another prosecution for the same offense, if it be a misdemeanor; but it is not a bar if the offense charged be a felony."

The writer of this opinion did not indorse the construction placed by the court upon this statute in *State v. Durbin, supra,* but, even conceding the soundness of the doctrine announced in that case, it does not sustain the contention of the appellant in this. What was really decided in that case was that, where a party had been charged with assault and battery, and a *nolle prosequi* had been entered to such information for the purpose of allowing the prosecuting attorney to file an information charging the defendant with mayhem based upon the same state of facts, and where, upon the trial on the last information, the defendant was found guilty of assault and battery, such a proceeding was equivalent to trying the defendant twice for the same offense.

But it will not do to lay down a rule to the effect that, in a case where, through inadvertence or misinformation of a prosecuting officer, a defendant has been charged with a misdemeanor—for instance, an assault and battery—and it afterwards eventuates that the actual crime committed was that of an assault with intent to commit murder, or even murder, the law must be content with punishing the defendant for the crime of assault and battery or allow him to escape punishment altogether, by reason of the inability of the state to dismiss the action for assault and battery and indict for the greater offense. Such a determination by a court would surely be the clogging, instead of the lubricating, of the wheels of justice.

While much has been said on this question of former acquittal and former conviction, there is no authority that goes further than to hold that, where the minor offense with which the defendant is charged is necessarily included in the greater

offense—so that the jury upon the trial of the greater offense
would be warranted in finding for the less offense—the acquit-
tal for the less offense would be a bar to a trial for the greater
offense; and this can only be based upon the theory that the
defendant, having been acquitted of the lesser offense, could
not be convicted of the greater offense, because the commis-
sion of the lesser offense was a constituent element in the
perpetration of the greater offense.    It will be noticed in this
case that it does not fall within any of the rules constituting
a bar to an action for a greater offense, because the crime of
exhibiting a dangerous weapon in a rude, angry, and threat-
ening manner is not necessarily involved in the crime of an
assault with intent to commit murder; and a jury, in the
trial of an information charging that crime, could not find
the defendant guilty of the crime of exhibiting the dangerous
weapon.

This question was before this court in *State v. Reiff,* 14
Wash. 664, 45 Pac. 318, where it was held that the constitu-
tional prohibition against placing a person twice in jeopardy
for the same offense was not violated by a second prosecution
of one for a separate and distinct offense based upon a differ-
ent statute, the penalty prescribed for the violation of which
is different from that imposed by the statute under which
the first information was laid, although the acts upon which
the two prosecutions are based were the same.    It was also
held that, to sustain the plea, the offenses must be identical,
both in fact and in law; that there was a distinction between
twice placing a person in jeopardy for the same offense, and
a second prosecution of one for a separate and distinct offense
based upon a different statute the penalty prescribed for the
violation of which is different from that imposed by the
statute under which the first information was laid; and that
the test was not whether the defendant had already been
tried for the same act, but whether he had been put in jeop-
ardy for the same offense.

We think that, under all authority, the court properly denied the plea in abatement. The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, HADLEY, and RUDKIN, JJ., concur.

FULLERTON, J. (dissenting)—This case cannot be distinguished in principle from the case of *State v. Durbin,* and ought to be reversed unless that case is overruled. As I think that case correctly interprets the statute, I dissent from the conclusion reached in this one.