[No. 10153.   Department One.   June 17, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE ELLIOTT, *Appellant*.[1]

CRIMINAL LAW—FORMER JEOPARDY—SEPARATE TRIAL.   Where a plea of not guilty and of former jeopardy are entered before the commencement of the trial, it is discretionary to direct that they be tried together.

SAME—IDENTITY OF OFFENSES.  A conviction for obtaining money under false pretenses, the gist of the offense resting primarily in securing credit for a false name, cannot be pleaded in bar of a prosecution for the forgery of an insurance policy, which was incidental to the other offense and arose out of the same transaction; since the crimes are separate and distinct, the false name being the essence of the first, and the uttering of spurious security, of the second.

FORGERY—INSTRUCTIONS.   An instruction that the mere uttering of a forged instrument is a circumstance tending to show knowledge of its falsity, is not prejudicially erroneous when immediately explained to mean that if the jury find that if it was forged and uttered by the defendant or his codefendant with his assistance, then the jury could consider these facts in determining whether the defendant knew it was forged at the time it was uttered.

Appeal from a judgment of the superior court for King county, Gay, J., entered September 30, 1911, upon a trial and conviction of forgery.   Affirmed.

*William R. Bell*, for appellant.

*John F. Murphy, Hugh M. Caldwell*, and *H. B. Butler*, for respondent.

GOSE, J.—The information charges the defendant with the crime of forgery in the first degree, committed by uttering as true, to one George E. Johnson, on the 17th day of July, 1911, a certain forged policy of insurance with intent to defraud.   The defendant was found guilty by the jury, and has appealed from the judgment entered upon the ver-

[1]Reported in 124 Pac. 212.

dict. The record shows that the appellant entered a plea of not guilty on September 16, 1911, and that on September 27 he filed a written plea, wherein he alleges, in substance, that he was convicted of the same offense on September 26. The state joined issue on the plea.

The court denied the application of the appellant for a separate trial upon his plea of former jeopardy. This is assigned as error. This plea was filed after the entry of the plea of not guilty and on the day the trial commenced. Where both pleas are entered before the commencement of the trial, the court may, in its discretion, direct that they be tried together. We think the learned trial court gave a sound interpretation to the statute. Rem. & Bal. Code, § 2108. This view is in harmony with the practice in this state. *State v. Reiff*, 14 Wash. 664, 45 Pac. 318; *State v. Campbell*, 40 Wash. 480, 82 Pac. 752. Moreover, the assignment raises simply a question of practice, and the appellant was not prejudiced by the ruling of the court.

The information in the first case, upon which the plea of a former conviction is predicated, charged the defendants with the crime of grand larceny, in that they acquired the possession of a certain automobile by fraudulently and falsely representing to George E. Johnson that the true name of the defendant Joseph T. Dyer was John A. Arnold. The history of that case is fully set forth in *State v. Elliott*, 68 Wash. 603, 123 Pac. 1089. In support of the plea of former conviction, the appellant offered evidence which shows that the two offenses were committed at the same time; that George E. Johnson is the complaining witness and the party defrauded in both cases; that in the former trial the state put in evidence a mortgage and an abstract of title to land embraced in the mortgage, but that it did not offer the insurance policy in evidence. It is further shown that the four papers, the mortgage, note, abstract and insurance policy, were delivered to Johnson as security for the payment of the automobile. The note and mortgage purport to

have been executed by one Oscar B. Lemps, in favor of one John A. Arnold. The policy, which purports to cover the buildings on the property, was issued to Oscar B. Lemps, and provides that the loss, if any, shall be paid to John A. Arnold as his interest may appear.

From the facts stated, it will be observed that in the first case the appellant was charged with the crime of obtaining goods by means of a false pretense, the pretense being that Dyer was Arnold. In the case at bar, he is charged with knowingly uttering a forged instrument with intent to defraud. The evidence shows that the four papers, the mortgage, note, abstract, and policy, constitute in fact one security and were uttered at the same time. Upon these facts, the appellant contends that the transaction was single and indivisible and constituted only one crime. In the first case, it was contended that Johnson parted with his property, not upon the credit of the name Arnold, but upon the credit of the securities; that their falsity was not alleged in the information; and that, therefore, the conviction was erroneous. In disposing of that contention in the former case, we said that "the gist of the offense lies in establishing the name, and the pretenses and tokens used to establish credit for the name are but incidents." While the evidence shows that there was but one transaction, it is obvious that the crimes are not identical. The first case rests primarily upon securing credit for a false name. This case rests upon knowingly uttering a false instrument with intent to defraud. There is not a complete identity of facts in the two cases. The element of a false name (the gist of the former offense) does not enter into this case. Moreover this court is firmly committed to the view that, to sustain the plea of former jeopardy, the offenses must be identical in both fact and law. *State v. Reiff*, and *State v. Campbell, supra.* In the *Campbell* case, this court said that the test is, "not whether the defendant had already been tried for the same act, but whether he had been put in jeopardy for the same offense." The same

rule is announced in the following cases from other juris-
dictions: *Morey v. Commonwealth*, 108 Mass. 433; *State v.
Caddy*, 15 S. D. 167, 87 N. W. 927, 91 Am. St. 666; *People
v. Majors*, 65 Cal. 138, 3 Pac. 597, 52 Am. Rep. 295; *State
v. Stewart*, 11 Ore. 52, 238, 4 Pac. 128; *People v. Bentley*,
77 Cal. 7, 18 Pac. 799, 11 Am. St. 225; *Territory v. Stocker*,
9 Mont. 6, 22 Pac. 496.

The two crimes are made separate and distinct by our
statute. The false name was of the essence of the first of-
fense, and the uttering of the spurious security is of the
essence of the second offense. If the state should seek to
split the securities and make each of them the basis for a
separate prosecution, the appellant's argument would be
sound. In such case there would be an identity of act and
offense.

The court instructed the jury as follows:

"You are instructed that the mere uttering, that is, the
passing of a forged instrument, is of itself a circumstance
tending to show knowledge of its falsity, which you may
consider in determining this case. I mean by that, if you
find from the evidence that this forged policy of insurance
described in the information was forged, that is, falsified,
and you further find that it was uttered, that is, passed by
the defendant now on trial, or by his codefendant Dyer, with
the aid and influence of the defendant now on trial, then
you have a right to consider these facts in determining
whether or not the defendant now on trial knew that it was
forged at the time it was uttered."

Error is assigned to this instruction. If the first sen-
tence of the instruction stood alone, there would be merit
in the assignment. But as qualified we think it is a correct
statement of the law. *State v. Hatfield*, 65 Wash. 550, 118
Pac. 735; *State v. Peeples*, 65 Wash. 673, 118 Pac. 906;
*State v. Bliss*, 27 Wash. 463, 68 Pac. 87.

Finding no error in the record, the judgment is affirmed.

Dunbar, C. J., Crow, Parker, and Chadwick, JJ.,
concur.