[No. 13308.   Department Two.   August 16, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.

JACK WICKSTROM, *Appellant*.[1]

CRIMINAL LAW — FORMER JEOPARDY — DISMISSAL — IDENTITY OF
CHARGE—STATUTES.  Under Rem. & Bal. Code, § 2314, authorizing the
dismissal of a prosecution "in furtherance of justice," the reason to
be set forth in the order, and Id., § 2315, providing that a dismissal
under § 2314 shall bar another prosecution for a misdemeanor or
gross misdemeanor where the prosecution dismissed charged the
same misdemeanor or gross misdemeanor, but that in no other case
"shall the dismissal bar another prosecution," the dismissal of a
prosecution in a justice court for assault in the third degree, which
is a gross misdemeanor by Id., § 2415, for the stated reason that an
information had been filed in the superior court, does not bar a
prosecution in the superior court for assault in the second degree,
which is felony by Id., § 2414; since the reasons given show there was
no intent to abandon the prosecution; and the later charge of a
felony was not a charge of the same gross misdemeanor, and there-
fore is not within the act.

SAME.  In such a case, Rem. & Bal. Code, § 2316, providing that
where a defendant shall be acquitted or convicted upon an indict-
ment or information charging a crime consisting of different de-
grees, he cannot be tried for the same crime in another degree, has no
application, as it does not apply to dismissals before trial.

[1]Reported in 159 Pac. 753.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 2, 1915, upon a trial and conviction of assault in the third degree. Affirmed.

*Frank G. Riley*, for appellant.

*Fred G. Remann, J. W. Selden,* and *Geo. M. Thompson,* for respondent.

MAIN, J.—The defendant was charged by information with the crime of assault in the second degree. The trial resulted in a verdict of guilty of assault in the third degree. Motion for a new trial being made and overruled, a judgment was entered upon the verdict, and the defendant was given a jail sentence. From this judgment and sentence, the appeal is prosecuted.

The facts are these: On June 30, 1915, the appellant was charged in the justice court with an assault in the third degree. On the same day a warrant was issued and the arrest made. The date set for the hearing was July 8, 1915. For his appearance on July 8, the defendant deposited $10 cash bail. On July 6, 1915, an information charging the defendant with assault in the second degree was filed in the superior court. After this information had been filed, the appellant was arrested and gave bond for his appearance in the superior court. When the case in the justice court was called on July 8, as appears from the docket entry, the cause was dismissed on motion of the state because an information had been filed in the superior court. In response to that information, the appellant pleaded not guilty, and that the dismissal of the action in the justice court was a bar to any further prosecution.

The sole question here for determination is whether the dismissal of the action in the justice court operates as a bar. Section 2314, Rem. & Bal. Code, provides that the court may, either upon its own motion, or upon application of the prosecuting attorney, "and in furtherance of justice, order any criminal prosecution to be dismissed; but in such

case the reason of the dismissal must be set forth in the order, which must be entered upon the record." This section further provides that the prosecuting attorney cannot discontinue or abandon a prosecution except as provided therein.

In *State v. Hansen,* 10 Wash. 235, 38 Pac. 1023, construing a statute in like language with that just quoted, it was held that the purpose of the statute applies to those cases where the action is dismissed in the furtherance of justice, as the statute expresses it, without any intention to renew it in some other form. It was there said:

"Where, as in this case, by the motion made, which was to quash, dismiss or withdraw the information (whichever it may be called), with leave to file another information, the request showed upon its face that there was no intention to abandon the prosecution, the reason for the application of this statute fails."

In the present case, the docket entry of the justice of the peace shows that there was no intention to abandon the prosecution, for it recites that the action was dismissed because an information had been filed in the superior court. There being no intention by the dismissal to abandon the prosecution, the question then arises whether a dismissal under Rem. & Bal. Code, § 2314, operates as a bar to a further prosecution. Section 2315 of the statute provides that an order dismissing a prosecution under § 2314 "shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution." By the terms of this statute if a person is charged with a misdemeanor, and the same is dismissed, it bars another prosecution for the same misdemeanor; or if one is charged with a gross misdemeanor and the case is dismissed, it bars another prosecution for the same gross misdemeanor; but in no other case, as the statute says, shall such order of dismissal bar another prosecution.

Under the facts in this case, the appellant was charged in the justice court with the crime of assault in the third degree, which, by the statute, is a gross misdemeanor. Rem. & Bal. Code, § 2415. By the information in the superior court he was charged with assault in the second degree, which, by the statute, Rem. & Bal. Code, § 2414, is a felony. The statute, as already indicated, bars a prosecution when the second prosecution is for the same misdemeanor or gross misdemeanor with which a defendant had been previously charged and the action dismissed. This statute is not applicable to the facts in this case. The information filed in the superior court charges a felony, and, therefore, does not charge the same gross misdemeanor with which the defendant had been charged in the justice court.

The case of *State v. Durbin*, 32 Wash. 289, 73 Pac. 373, is cited as sustaining the contention that the dismissal of the action in the justice court bars further prosecution, because it was there held that, where a defendant had been charged with a minor offense which was included within a greater, and the action dismissed, a subsequent prosecution for the greater offense, upon the trial of which the defendant might be convicted of the minor with which he had been previously charged, could not be maintained. It must be admitted that the case supports this contention if the statute there being construed was the same as the present statute, and if that decision has not been subsequently modified. The statute upon which that case was based is general in its terms, while the present statute is specific and definite, and provides in express language when a dismissal will work a bar and when it will not. The difference in language in the two statutes is such that the holding in that case would not now be controlling.

In *State v. Campbell*, 40 Wash. 480, 82 Pac. 752, while the *Durbin* case is not expressly overruled, a doctrine is announced which is out of harmony with the holding in that case. It was there said:

"But it will not do to lay down a rule to the effect that, in a case where, through inadvertence or misinformation of a prosecuting officer, a defendant has been charged with a misdemeanor—for instance, an assault and battery—and it afterwards eventuates that the actual crime committed was that of an assault with intent to commit murder, or even murder, the law must be content with punishing the defendant for the crime of assault and battery or allow him to escape punishment altogether, by reason of the inability of the state to dismiss the action for assault and battery and indict for the greater offense. Such a determination by a court would surely be the clogging, instead of the lubricating, of the wheels of justice."

Our attention has been called to Rem. & Bal. Code, § 2316, where it is provided that, whenever a defendant shall be acquitted or convicted upon an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree. This obviously applies to an acquittal or conviction after a trial upon the merits, and does not apply to a case which has been dismissed prior to trial.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, BAUSMAN, and PARKER, JJ., concur.