[No. 18532. Department Two. July 29, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. AL. D. WILSON, *Appellant*.[1]

CRIMINAL LAW (54)—FORMER JEOPARDY—IDENTITY OF OFFENSES— MANUFACTURING AND POSSESSION OF INTOXICATING LIQUOR. The dismissal of a prosecution for manufacturing intoxicating liquor is not a bar to a subsequent prosecution for unlawful possession, under Rem. Comp. Stat., § 2315, providing that the dismissal is a bar to another prosecution for the "same misdemeanor;" since the offenses charged are distinct and different misdemeanors.

SAME (446)—REVIEW—HARMLESS ERROR—RULING AS TO EVIDENCE. It is error without prejudice, in a liquor prosecution, after excluding crockery offered in evidence by the state, to refuse to order it taken from the view of the jury.

INTOXICATING LIQUORS (50)—UNLAWFUL POSSESSION—EVIDENCE— SUFFICIENCY. The presumptions of ownership, from the fact that intoxicating liquors were discovered on searching a garage upon

[1]Reported in 227 Pac. 850.

premises occupied by the accused and his family for several years, sustains a conviction of unlawful possession, notwithstanding a very plausible explanation concerning the presence of the liquor.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered September 8, 1923, upon a trial and conviction of unlawful possession of intoxicating liquors. Affirmed.

*Carkeek, McDonald, Harris & Coryell,* and *Gordon D. Eveland,* for appellant.

*C. T. Roscoe* and *M. H. Forde* (*Alex. M. Vierhus,* of *counsel*), for respondent.

BRIDGES, J.—Appellant was charged with and convicted of the crime of having possession of intoxicating liquors. One of his grounds for reversal is based upon the following fact. It appears that, after the sheriff had raided the appellant's place and found a pint of moonshine whiskey, the prosecuting attorney filed an information charging him with unlawful manufacture of the liquor. Later, another information was filed charging him with unlawful possession of the same liquor. Thereafter the court made an order dismissing the charge of manufacturing and allowing the information charging unlawful possession to be filed.

Appellant's position is that, the first information charging the manufacture of this pint of moonshine whiskey having been dismissed, he cannot now be tried on the second information, because both charged a misdemeanor. He rests his argument on § 2315, Rem. Comp. Stat. [P. C. § 9146], and the case of *State v. Durbin,* 32 Wash. 289, 73 Pac. 373. The statute reads as follows:

"An order dismissing a prosecution under the provisions of §§ 2311, 2312 and 2314 [P. C. §§ 9142, 9143, 9145] (the dismissal of the first information here being

under the last section), shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution duly charged the same misdemeanor or gross misdemeanor, but in no other case shall such order of dismissal bar another prosecution.''

In the *Durbin* case, *supra,* the first information charged the appellant with assault and battery committed upon a person named. Later, and before trial, the prosecuting attorney filed another information based on the facts of the first, charging an attempt to commit mayhem. Later still, the first information was dismissed by order of the court. During the trial upon the second information, the court instructed the jury that the crime of assault and battery was an included offense and the jury found the appellant guilty of that crime. We held that the filing and dismissal of the first information was a bar to a prosecution under the second. This holding was based upon § 6916, Bal. Code, reading as follows:

''An order for dismissal as provided in this chapter is a bar to another prosecution for the same offense, if it be a misdemeanor; but it is not a bar if the offense charged be a felony.''

It will be noted that the old statute provided for a bar as to the *same offense* charged in the dismissed information, while the present statute provides for a bar as to a *misdemeanor* where the former information charged the same misdemeanor. Manifestly, the purpose of the present statute is to forbid the prosecution for the same misdemeanor charged in the first information; for illustration, the prosecuting attorney may not charge one with possession of intoxicating liquor, dismiss the charge and file another information for possession of the same liquor. This is the conclusion to which we came in *State v. Wickstrom,* 92 Wash. 503,

159 Pac. 753, where, speaking of the present statute, we said:

"... it bars a prosecution when the second prosecution is for the same misdemeanor or gross misdemeanor with which a defendant had been previously charged and the action dismissed."

Speaking of the case of *State v. Durbin, supra,* we further said:

"The statute upon which that case was based is general in its terms, while the present statute is specific and definite, and provides in express language when a dismissal will work a bar and when it will not. The difference in the language in the two statutes is such that the holding in that case would not now be controlling."

See, also, *State v. Campbell,* 40 Wash. 480, 82 Pac. 752. In this case the two informations charged two different and distinct misdemeanors, the first manufacturing and the second possession of the liquor. This does not violate our present statute. We think appellant was properly brought to trial on the second information.

The next error is based on the following facts. When the officers raided appellant's place, they not only found in the garage a pint of whiskey, but also various crockery which they took into their possession. These jars and crocks were brought into court at the trial and were offered in evidence, but the offer was denied by the court. The appellant then moved that they be removed from the court room, and now claims error because of the court's refusal to so order. This crockery was in the first place properly within view of the jury, and while it would have been proper for the court to comply with appellant's request, yet it seems impossible that the jury could have been prejudiced be-

cause of its failure so to do.  If there was any error it was without prejudice.

The appellant also contends that the state's evidence was wholly insufficient to support the verdict.  Briefly, the facts are these:  The appellant and his family have, for several years, been residents of the town of Darrington, in Snohomish county.  By virtue of a warrant, the officers searched his premises and in the garage found the liquor in question.  Manifestly, this proof of possession was sufficient to support the verdict.  In the case of *State v. Arrigoni*, 119 Wash. 358, 205 Pac. 7, 27 A. L. R. 310, we said:

"The liquor was found in a house in which the appellant had possession and over which he had control, and the presumption naturally and legally arises that he had possession and control of the things therein contained.  The presumption is of course rebuttable, and undoubtedly was rebutted if the account given of the presence of the liquor in the house is to be taken as true.  But manifestly it was for the jury, not the court, to say whether or not the account was true."

In cases of this character, defendants generally make some plausible explanation concerning the presence of the liquor found.  It strikes us that the explanation made in this case is unusually satisfactory, but it was for the appellant to satisfy the jury not us.  We cannot, therefore, hold that there was no substantial testimony in support of the verdict.

Finding no prejudicial error, the judgment is affirmed.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.