[No. 19522. Department Two. January 4, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER
VOELKER, *Appellant*.[1]

[1] INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—WARRANTS
AND PROCEDURE. "Probable cause" to believe in the possession
of intoxicating liquor need not be alleged in a complaint for
a search warrant therefor, which may be issued, if probable
cause is shown, under a complaint based on "information and
belief" as to the commission of the offense.

[2] SAME (53)—DESCRIPTION OF PREMISES. A search warrant for
intoxicating liquor is not open to the objection of uncertainty in
the description of the premises, where it correctly describes
the lands, and refers to the "buildings thereon."

[3] CRIMINAL LAW (46)—FORMER JEOPARDY—DISMISSAL OF MISDE-
MEANOR. It is a good defense to a prosecution for a gross mis-
demeanor that a complaint for the same offense was dismissed
by a justice of the peace, under Rem. Comp. Stat., § 2315; and
the defense is not waived by a general appearance and proceeding
to trial, where the court sustained a demurrer to the plea and
held the accused to trial.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered December 24,
1924, upon a trial and conviction of the unlawful man-
ufacture of intoxicating liquor. Reversed.

*H. J. Snively* and *W. B. Clark*, for appellant.
*Sydney Livesey*, for respondent.

[1]Reported in 242 Pac. 6.

MACKINTOSH, J.—The appellant advances four reasons why his conviction for the unlawful manufacture of intoxicating liquor should be reversed.

[1] It appears that premises owned by the appellant were searched by peace officers of Yakima county by virtue of a complaint for a search warrant, sworn to by a deputy sheriff, which contained the allegation that the officer had "probable cause to believe and does believe that there are certain intoxicating liquors being manufactured," etc. It is claimed that the court erred in refusing to suppress the evidence obtained upon the search under the warrant issued upon this complaint, for the reason that the complaint was made on information and belief and stated no facts showing probable cause. An interesting discussion of this subject has been made by appellant's counsel and authorities have been gathered to fortify the position that a showing of probable cause must be made in the complaint before the judicial officer who issues the search warrant. This question, however, has been determined by this court adversely to those authorities, and we find in *State ex rel. Hodge v. Gordon,* 95 Wash. 289, 163 Pac. 772, the expression of our view upon the matter.

"It is next contended that the 'probable cause' necessary to be shown before any warrant may issue under § 6262-11 must be stated in the complaint upon which the warrant is issued. There is no such requirement. The only requirement is that probable cause must be shown sufficient to create the belief in the mind of the judge or justice that liquor is being sold, or otherwise disposed of, contrary to law. The ascertainment of probable cause is, under this statute, a judicial function involving judicial discretion. *Toole v. State,* 170 Ala. 41, 54 South. 195; *State v. Hobbs,* 39 Me. 212. That there is 'probable cause' must be determined before the issuance of a warrant, but being determined to the satisfaction of the judge or justice, it is sufficient with-

out its statement or formal charge in the complaint. *DeGraff v. State,* 2 Okl. Cr. 519, 103 Pac. 538; *Kniseley v. Ham,* 39 Okl. 623, 136 Pac. 427, 49 L. R. A. (N. S.) 770.

"It is next urged that a search warrant cannot be based upon a complaint made upon belief. Both the search warrant and the complaint stated all that was required to be stated. Neither one is confined to the existence of a mere belief in the mind of the complainant, but follows the language of the act in stating that the belief of the complainant is founded upon probable cause for the existence of such belief. Whether or not this probable cause is sufficient to initiate legal process is to be determined by the judicial officer, and when the judicial officer is so satisfied, process may properly issue without a statement in the warrant or complaint of facts upon which such belief is founded. *Rose v. State,* 171 Ind. 662, 87 N. E. 103; *Lowrey v. Gridley,* 30 Conn. 450; *Gray v. Kimball,* 42 Me. 299; *State v. Nowlan,* 64 Me. 531; *Salley v. State,* 9 Ala. App. 82, 64 South. 185."

[2] The search warrant is further attacked for the reason that the description of the premises to be searched is too indefinite. The complaint for the search warrant did not mention the buildings upon the land, although the land itself was particularly described. In the warrant there was added to the description contained in the complaint the words, "together with the buildings thereon." The claim is that the search warrant could not cover more than the property mentioned in the complaint. Again, this court seems to have previously had this question before it for consideration and to have passed upon it in such a manner that the appellant's position cannot be sanctioned. In *State v. Ditmar,* 132 Wash. 501, 232 Pac. 321, the complaint and warrant described only the real property, and neither referred to the buildings situated upon it. In that case a search was made of these buildings and objection was made that the search was illegal

for the reason that the warrant made no reference to the buildings. This court, however, said:

"The second branch of the objection is that the description of the premises is too indefinite. As we have before stated, the warrant described a specific tract of real property, containing no reference to a house or other structures that might be situated thereon. But we think the description sufficient. The buildings searched were a part of the described premises, and manifestly a warrant to search the whole authorizes a search of the parts."

It would seem from that opinion that the addition in the warrant to the description in the complaint was mere surplusage and that the warrant was sufficient to justify a search of the buildings even though it had not contained the additional words.

[3] The next point pressed by the appellant is that his plea of former jeopardy should have been sustained. While erroneously named a plea of former jeopardy, it is in fact a plea that the prosecution in the superior court for a gross misdemeanor is barred by the dismissal of an action in a justice court for the same gross misdemeanor. Section 2315, Rem. Comp. Stat.

The plea is good whether the defendant has been put in jeopardy in the justice court or not. This plea was entered before trial by leave of court, and from it it appears that a criminal complaint was filed against the appellant in the justice court, that a warrant of arrest was issued upon the complaint, and defendant was arrested and gave bail, and that, on the following day, an information was filed in the superior court, charging the same identical offense, committed at the same time and place. The plea states that the complaint in the justice court had been abandoned and dis-

missed by the prosecuting attorney. A demurrer was presented to this plea and the demurrer sustained.

The argument on behalf of respondent in answer to this point, raised by the appellant, is that the appellant had submitted to the jurisdiction of the superior court, and that he cannot now question that court's jurisdiction. But, as we view it, the question of jurisdiction is not involved. It is true that the appellant was arraigned in the superior court, entered a plea of not guilty and made his general appearance, and that the case against him was then noted for trial; and before the trial day, the appellant made an application for continuance on the ground of the absence of a witness and that motion was granted and the case continued from June until November, and that it was not until the day before the trial that the question of former jeopardy was raised. But even though it were a matter within the trial court's discretion whether the plea that the action was barred by the dismissal of the action in the justice court could be raised at that late day, that discretion was exercised in favor of the appellant, for the plea was entered by the consent of the court, and the plea was not denied on the ground that it came too late; but a demurrer was sustained, which was upon the ground that the plea did not state sufficient facts to constitute a defense. Even though the appellant had submitted to the jurisdiction of the superior court, which had jurisdiction of the offense, and consented to that court taking jurisdiction of his person, he did not thereby waive his right to present to the court this plea of dismissal. We are not advised upon what theory the lower court sustained the demurrer to the plea; for, although the plea is not sufficient as a plea of former jeopardy, upon its face it states sufficient facts to constitute a defense to this action, under

§§ 2314, 2315, Rem. Comp. Stat. If the facts substantiate the allegations in the plea and they establish that the justice court complaint was dismissed by the prosecuting attorney by virtue of § 2314, Rem. Comp. Stat., that would constitute a bar to the subsequent prosecution in the superior court, the offense charged being a gross misdemeanor. Section 2315, Rem. Comp. Stat.; *State v. Durbin,* 32 Wash. 289, 73 Pac. 373; *State v. Campbell,* 40 Wash. 480, 82 Pac. 752; *State v. Wickstrom,* 92 Wash. 503, 159 Pac. 753; *State v. Deloria,* 129 Wash. 497, 225 Pac. 405; *State v. Wilson,* 130 Wash. 444, 227 Pac. 850; *State ex rel. Harger v. Chapman,* 131 Wash. 581, 230 Pac. 833.

On account of the court's erroneous sustaining of the demurrer to this plea, the cause is remanded with permission to the respondent to answer that plea, and the court will then determine the facts as presented by that plea; and if it determines that the action in the justice court had been dismissed in accordance with the statute, the plea should be sustained.

Reversed.

TOLMAN, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.