[No. 527-3.    Division Three.    June 8, 1972.]

THE STATE OF WASHINGTON, *Appellant,* v. JOHN J. McMAINS, *Respondent.*

*Paul Klasen, Prosecuting Attorney,* for appellant.

*Darrell E. Ries* (of *Ries & Kenison*) and *Clifton W. Collins,* for respondent.

EVANS, J.—The basic issue presented by this appeal is whether dismissal of a misdemeanor charge filed in justice court precludes later filing of felony charges in the superior court based upon the same incident.

On July 5, 1970 the defendant John J. McMains was arrested by the deputy sheriff of Grant County on the oral complaint of a private citizen. The defendant was taken to the office of the justice of the peace in Royal City, where a written complaint and resulting misdemeanor warrant were issued and bail posted by the defendant. The complaint charged that the defendant "did violate RCW 9.41.230, to wit, discharge a firearm from a road, starting a fire."

The statute alleged to have been violated reads:

[RCW] 9.41.230 . . . Every person who shall aim any gun, pistol, revolver or other firearm, whether loaded or not, at or towards any human being, or who shall wilfully discharge any firearm, air gun or other weapon, or throw any deadly missile in a public place, or in any place where any person might be endangered thereby, although no injury result, shall be guilty of a misdemeanor.

After the above charge had been filed the prosecuting attorney began an investigation into the incident in question. Thereafter he obtained two continuances in justice court, the second one continuing the matter to September 17, 1970. These continuances were granted without notice to the defendant. On September 4 defendant, through his attorney, filed a motion for dismissal for lack of prosecution, and requested transfer from the justice court in Royal City to the justice court at the county seat. Prior to any hearing on this motion the prosecuting attorney advised the attorney for defendant and the justice court that the state did not intend to proceed with prosecution of the misdemeanor because it was filing in superior court a felony charge arising out of the same incident.

On October 7, 1970 the prosecuting attorney filed a three-count information, as follows:

Count 1

That the said JOHN J. McMAINS in the County of Grant, State of Washington, on or about the 5th day of July 1970, did wilfully, unlawfully and feloniously have in his possession a shell charged and filled with one or more explosives, intending to use the same and cause same to be used for an unlawful purpose;

Count 2

That the said JOHN J. McMAINS in the County of Grant, State of Washington, on or about the 5th day of July, 1970, did wilfully, unlawfully and feloniously and maliciously burn and set on fire range and pasture land of E. C. Kearns, located just North of the Frenchman Hill Road in Section 15, Township 17, N. Range 26 E.W.M.;

Count 3

That the said JOHN J. McMAINS in the County of Grant, State of Washington, on or about the 5th day of July,

1970, did wilfully, unlawfully and feloniously and maliciously attempt to burn and set on fire a hay stack, the property of E. C. Kearns, located just North of the Frenchman Hill Road in Section 15, Township 17, N. Range 26 E.W.M.

Thereafter, defendant moved to dismiss counts 2 and 3 of the information, contending that the misdemeanor charge in justice court was the same factual offense for which defendant was being charged in counts 2 and 3. In making this contention defendant relied upon the provisions of the Criminal Rule for Justice Court 3.08, which in pertinent part reads:

If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. *Dismissal under such circumstances shall be a bar to further prosecution for the offense charged.*

(Italics ours.) Following argument on defendant's motion to dismiss the court entered the following finding:

IV

That the Court finds that upon the filing of the Defendant's Motion to Dismiss the Justice Court action, that there was no good cause why the dismissal should not be granted and the Defendant was entitled to a dismissal as a matter of right and the Justice Court matter is considered to have been dismissed under JCrR 3.08.

. . .

The charge set forth in the Justice Court Complaint and Warrant of Arrest is an included lesser offense in the offenses charged in Counts 2 and 3 of the Information, and the facts charged in the Justice Court Complaint were constituent elements required to be proven by the State to establish a case on said counts 2 and 3 and therefore the Defendant is being put in double jeopardy by the State's proceeding under Counts 2 and 3, . . .

The trial court dismissed counts 2 and 3 of the information with prejudice, and the state appeals.

We cannot agree that the question of double jeopardy is involved. Defendant was never placed in jeopardy

in justice court. Jeopardy does not attach until the trial has commenced. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). Furthermore, the doctrine of collateral estoppel is inapplicable. Collateral estoppel dictates that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *State v. Hite,* 3 Wn. App. 9, 472 P.2d 600 (1970). In the present case the misdemeanor charge in justice court was abandoned before any trial action was taken, and consequently before any factual determination was made by the justice court.

■ Defendant relies primarily upon that portion of JCrR 3.08 which provides that the dismissal in justice court "shall be a bar to further prosecution for the offense charged." In our view, that language lends itself only to one interpretation; namely, dismissal of a misdemeanor charge filed in justice court shall be a bar to further prosecution for the *same* offense. Defendant has not been charged in superior court with the same offense. Count 2 of the superior court information charges defendant with arson, and count 3 charges him with attempted arson—both felonies in violation of RCW 9.09.020—and dismissal of the misdemeanor charge in justice court does not bar prosecution of those felony charges in superior court.

Any other interpretation would be totally inconsistent with our Supreme Court decisions relating to RCW 10.46.010 and RCW 10.43.010, which contain provisions identical in substance to JCrR 3.08.

RCW 10.46.010 provides:

> If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown.

RCW 10.43.010 provides:

> An order dismissing a prosecution under the provisions of . . ., 10.46.010, . . . shall bar another prosecution for a misdemeanor or gross misdemeanor where the

prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution.

As stated by the court in *State v. Unrein*, 60 Wn.2d 168, 372 P.2d 547 (1962):

In a long line of decisions, commencing with *State ex rel. Repath v. Caldwell*, 9 Wash. 336, 37 Pac. 669 (1894)—the latest being *State v. Moore* [60 Wn.2d] 144, 372 P. (2d) 536 (1962)—this court has held that the discharge of an accused for want of prosecution, pursuant to RCW 10.46.010, is not a bar to further prosecution for a felony upon the same charge. RCW 10.43.010.

In our view, the same reasoning applies when the discharge of an accused for want of prosecution is pursuant to JCrR 3.08.

Reversed and remanded.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied June 29, 1972.

Review denied by Supreme Court August 21, 1972.