[No. 5432-2-III.   Division Three.   March 20, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN RAYMOND MARSHALL, *Appellant.*

*James L. Nagle, Bruce E. Horton,* and *Makus & Makus,* for appellant (appointed counsel for appeal).

*Arthur R. Eggers, Prosecuting Attorney,* and *Scott Wolfram, Deputy,* for respondent.

GREEN, J.—John R. Marshall appeals his conviction for resisting arrest. The primary issue presented is whether the dismissal of a misdemeanor charge filed in municipal court precludes a later conviction on the same charge as a lesser included offense to a felony charge in superior court. An issue is also raised with respect to whether Mr. Marshall received a speedy trial. We affirm.

On April 22, 1982, Mr. Marshall was charged in municipal court with resisting arrest, a misdemeanor. On the same day he made his first appearance and trial was set for May 13, 1982. On April 23 an information was filed in superior court charging him with third degree assault, a felony. The assault charge was based on the same incident as the resisting arrest charge. On May 3 Mr. Marshall was arraigned in superior court and at that time pleaded not guilty.

On May 27 the municipal court dismissed the resisting arrest charge on the prosecutor's motion. On July 21 the third degree assault charge was tried before a superior court jury. The next day the jury returned a verdict of guilty on the lesser included offense of resisting arrest.

First, Mr. Marshall contends he was twice placed in

jeopardy because the Superior Court gave a jury instruction on the lesser included offense of resisting arrest after the original resisting arrest charge had been dismissed in municipal court. We disagree.

Double jeopardy does not attach until trial has commenced. *State v. Ridgley,* 70 Wn.2d 555, 557, 424 P.2d 632 (1967); *State v. McMains,* 7 Wn. App. 75, 78, 497 P.2d 962 (1972). Here the charge of resisting arrest in municipal court was dismissed prior to trial. Thus, constitutional double jeopardy did not attach.

Mr. Marshall argues the statutory double jeopardy bar, RCW 10.43.010,[1] applies here. It provides:

> An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010 and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution.

RCW 10.43.010 does not operate as a bar where the subsequent information charges a felony. *State v. Wickstrom,* 92 Wash. 503, 506, 159 P. 753 (1916); *State v. Kersteter,* 30 Wn. App. 84, 87, 632 P.2d 897 (1981).

Here Mr. Marshall was charged in municipal court with resisting arrest, a misdemeanor. He was thereafter charged in superior court with third degree assault which is a felony, RCW 9A.36.030(2), and the misdemeanor was dismissed. The question then is whether RCW 10.43.010 precludes a conviction in superior court of the lesser included offense of resisting arrest. *State v. Kersteter, supra,* holds the statute does not preclude such conviction. There a defendant was charged in district court with driving under the influence of intoxicating liquors (DWI), a gross misdemeanor. That charge was dismissed and Mr. Kersteter was later charged in superior court with negligent homicide by motor vehicle, a felony. The jury found him

---

[1]This statute has since been repealed. Laws of 1982, 1st Ex. Sess., ch. 47, § 28.

not guilty of negligent homicide but guilty of the lesser included offense of DWI. The court held RCW 10.43.010 did not bar the conviction. Therefore, we find no error.

Second, Mr. Marshall contends his speedy trial rights were violated because he was tried beyond the 60 days required by JCrR 3.08. We disagree.

When the information was filed in superior court, JCrR 3.08 no longer applied. *State v. Kersteter, supra* at 88. CrR 3.3(c)(2) became the operative speedy trial rule. That rule provides:

> (i) If after proceedings have been initiated in district court an information . . . is filed with the superior court, and if at the time the information . . . is filed . . . defendant is not detained in jail or subjected to conditions of release, . . . defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information . . . A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court.
>
> (ii) "Time elapsed in district court" means . . . [i]f at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of . . . defendant's appearance in district court which next follows the filing of the complaint. Time elapsed in district court ends with the earlier of (a) an . . . order of dismissal . . . by the district court, or (b) . . . filing of an information . . . in superior court.

Applying CrR 3.3(c)(2) here: The "time elapsed in district court" was 1 day. Computing 90 days from Mr. Marshall's arraignment in superior court, less "time elapsed in district court" of 1 day, August 1 was the latest date for trial. Trial on July 21 was well within the time constraints of CrR 3.3(c)(2).

Affirmed.

MUNSON, C.J., and THOMPSON, J., concur.

Review denied by Supreme Court May 11, 1984.