[No. 65411-0-I.   Division One.   November 7, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. CYNTHIA ROXANA CUELLAR, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Ann M. Summers, Deputy*, for respondent.

¶1 BECKER, J. — Cynthia Cuellar claimed that she bit a police officer in self-defense. The jury found her guilty of third degree assault. In the published portion of this opinion, we reject her contention that resisting arrest is a lesser included offense of third degree assault as charged in this case. Evidence that Cuellar ignored warnings to stay back and then aggressively approached police officers attempting to secure the participants in a domestic disturbance supported a reasonable inference that she provoked the need to act in self-defense. Accordingly, the trial court did not err in giving a first aggressor instruction. We also conclude that the deputy prosecutor's improper closing argument was not sufficiently prejudicial to affect the outcome of the trial. We therefore affirm Cuellar's conviction.

## LESSER INCLUDED OFFENSE

¶2 Cuellar contends that the trial court erred in refusing to instruct the jury on the lesser included offense of resisting arrest. A defendant is entitled to an instruction on a lesser included offense if (1) each element of the lesser offense is a necessary element of the charged offense (legal prong) and (2) the evidence supports an inference that the defendant committed only the lesser offense (factual prong).

*State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). Consequently, " 'if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.' " *State v. Turner*, 143 Wn.2d 715, 729, 23 P.3d 499 (2001) (quoting *State v. Roybal*, 82 Wn.2d 577, 583, 512 P.2d 718 (1973)).[1] We apply this analysis to the greater offense as specifically charged and prosecuted, not to all statutory alternative means. *State v. Berlin*, 133 Wn.2d 541, 548, 947 P.2d 700 (1997).

¶3 To convict Cuellar of third degree assault as charged, the State had to prove that she assaulted a police officer "who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). A person resists arrest if she "intentionally prevents or attempts to prevent a peace officer from lawfully arresting [her]." Former RCW 9A.76.040(1) (1975). Because intent to resist arrest is not a necessary element of third degree assault under RCW 9A.36.031(1)(g), a person can commit an assault on a police officer who is performing official duties unrelated to making an arrest. And resisting arrest does not require conduct that constitutes an assault. *See State v. Williams*, 29 Wn. App. 86, 92, 627 P.2d 581 (1981). Consequently, resisting arrest does not satisfy the legal prong of the *Workman* test.

¶4 Cuellar's reliance on *State v. Marshall*, 37 Wn. App. 127, 678 P.2d 1308, *review denied*, 101 Wn.2d 1017 (1984), is misplaced. The assault charge in *Marshall* involved a statutory alternative means that encompassed resisting arrest. *See* former RCW 9A.36.031(1)(a) (2005).[2] Unlike former RCW 9A.36.031(1)(a), RCW 9A.36.031(1)(g) does not

---

[1] The State contends that Cuellar did not preserve this issue for review because the record on appeal does not include the text of the proposed instruction on resisting arrest. But the record indicates that defense counsel e-mailed the text of the proposed instruction to the trial judge and that the instruction was before the judge at the time of argument. After considering argument from both sides, the trial court concluded that resisting arrest was not a lesser included offense and refused to give the instruction. Under the circumstances, the record is sufficient to permit appellate review.

[2] Under former RCW 9A.36.031(1)(a) (2011), a person commits third degree assault if he or she "[w]ith intent to prevent or resist the execution of any lawful

include resisting arrest as a necessary element. *Marshall* is therefore distinguishable. *See also State v. Godsey*, 131 Wn. App. 278, 289, 127 P.3d 11 (resisting arrest is a lesser included offense of assault under former RCW 9A.36-.031(1)(a)), *review denied*, 158 Wn.2d 1022 (2006).

¶5 The trial court correctly concluded that resisting arrest was not a lesser included offense of third degree assault under RCW 9A.36.031(1)(g).

¶6 Affirmed.

¶7 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.

APPELWICK and SPEARMAN, JJ., concur.

---

process or mandate of any court officer or the lawful apprehension or detention of himself or another person, assaults another." LAWS OF 2011, ch. 238, § 1.