262 P.3d 1251 (2011)
STATE of Washington, Respondent,
v.
Cynthia Roxana CUELLAR, Appellant.
No. 65411-0-1.
Court of Appeals of Washington, Division 1.
November 7, 2011.
Oliver R. Davis, Washington Appellate Project, Seattle, WA, Cynthia Roxana Cuellar, Des Moines, WA, for appellant.
Ann Marie Summers, King County Prosecutor's Office, Seattle, WA, for respondent.

PUBLISHED IN PART
BECKER, J.
¶ 1 Cynthia Cuellar claimed that she bit a police officer in self-defense. The jury found her guilty of third degree assault. In the published portion of this opinion, we reject her contention that resisting arrest is a lesser included offense of third degree assault as charged in this case. Evidence that Cuellar ignored warnings to stay back and then aggressively approached police officers attempting to secure the participants in a domestic disturbance supported a reasonable inference that she provoked the need to act in self-defense. Accordingly, the trial court did not err in giving a first aggressor instruction. We also conclude that the deputy prosecutor's improper closing argument was not sufficiently prejudicial to affect the outcome of the trial. We therefore affirm Cuellar's conviction.

LESSER INCLUDED OFFENSE
¶ 2 Cuellar contends that the trial court erred in refusing to instruct the jury on the lesser included offense of resisting arrest. A defendant is entitled to an instruction *1252 on a lesser included offense if (1) each element of the lesser offense is a necessary element of the charged offense (legal prong) and (2) the evidence supports an inference that the defendant committed only the lesser offense (factual prong). State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978). Consequently, "if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime." State v. Turner, 143 Wash.2d 715, 729, 23 P.3d 499 (2001), quoting State v. Roybal, 82 Wash.2d 577, 583, 512 P.2d 718 (1973).[1] We apply this analysis to the greater offense as specifically charged and prosecuted, not to all statutory alternative means. State v. Berlin, 133 Wash.2d 541, 548, 947 P.2d 700 (1997).
¶ 3 To convict Cuellar of third degree assault as charged, the State had to prove that she assaulted a police officer "who was performing his or her official duties at the time of the assault." RCW 9A.36.031(1)(g). A person resists arrest if she "intentionally prevents or attempts to prevent a police officer from lawfully arresting [her]." RCW 9A.76.040(1). Because intent to resist arrest is not a necessary element of third degree assault under RCW 9A.36.031(1)(g), a person can commit an assault on a police officer who is performing official duties unrelated to making an arrest. And resisting arrest does not require conduct that constitutes an assault. See State v. Williams, 29 Wash.App. 86, 92, 627 P.2d 581 (1981). Consequently, resisting arrest does not satisfy the legal prong of the Workman test.
¶ 4 Cuellar's reliance on State v. Marshall, 37 Wash.App. 127, 678 P.2d 1308, review denied, 101 Wash.2d 1017, 101 Wash.2d 1017 (1984), is misplaced. The assault charge in Marshall involved a statutory alternative means that encompassed resisting arrest. See RCW 9A.36.031(1)(a).[2] Unlike RCW 9A.36.031(1)(a), RCW 9A.36.031(1)(g) does not include resisting arrest as a necessary element. Marshall is therefore distinguishable. See also State v. Godsey, 131 Wash. App. 278, 289, 127 P.3d 11 (resisting arrest is a lesser included offense of assault under RCW 9A.36.031(1)(a)), review denied, 158 Wash.2d 1022, 149 P.3d 379 (2006).
¶ 5 The trial court correctly concluded that resisting arrest was not a lesser included offense of third degree assault under RCW 9A.36.031(1)(g).
¶ 6 Affirmed.
¶ 7 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.
WE CONCUR: SPEARMAN and APPELWICK, JJ.
NOTES
[1] The State contends that Cuellar did not preserve this issue for review because the record on appeal does not include the text of the proposed instruction on resisting arrest. But the record indicates that defense counsel e-mailed the text of the proposed instruction to the trial judge and that the instruction was before the judge at the time of argument. After considering argument from both sides, the trial court concluded that resisting arrest was not a lesser included offense and refused to give the instruction. Under the circumstances, the record is sufficient to permit appellate review.
[2] Under RCW 9A.36.031(1)(a), a person commits third degree assault if he or she "with intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension of detention of himself or another person, assaults another."